Weisbender *et al.* v. School Dist. No. 6 of Caddo County.

No. 139.    Opinion Filed July 13, 1909.

(103 Pac. 639.)

1. **APPEAL AND ERROR—Parties.** All persons who were parties to the proceeding in the trial court, and whose interests will be affected by the reversal of a judgment on appeal, must be brought in and made parties in the appellate court, or the proceeding will be dismissed.

2. **APPEAL AND ERROR—Defect of Parties.** A proceeding in error brought by three of four plaintiffs in whose favor a joint judgment was entered for recovery of a specified sum, in which the other plaintiff is made neither a party plaintiff nor defendant in error, must be dismissed for want of necessary parties.

(Syllabus by the Court.)

*Error from District Court, Caddo County; F. E. Gillette, Judge.*

Action by Jacob Weisbender, Frank Noll, John Smith, and the Stephenson-Browne Lumber Company against School District

No. 6 of Caddo County. There was a judgment for all the plaintiffs, and plaintiffs Weisbender, Noll, and Smith bring error. Writ of error dismissed.

*P. S. Nagle,* and *A. T. Boys,* for plaintiff in error.
*A. J. Morris,* for defendant in error.

DUNN, J. On October 5, 1904, the plaintiffs in error, plaintiffs below, filed their action against the defendant in error, defendant below, to recover a judgment against it in the sum of $2,671.75. On the trial of the cause to the court, it was found that there was due from the school district to plaintiffs the amount prayed, but that all of the said amount except the sum of $893 was in excess of 4 per cent. of the assessed valuation of said district. A judgment was rendered in favor of all the plaintiffs, and against the defendant school district, for this sum with a proviso that the same be applied to the payment of that portion of the account previously assigned to the Stephenson-Browne Lumber Company which was in the amount of $1,101.06. Motions for new trial were filed by the parties; the lumber company filing its motion separately. These were overruled, exceptions saved, and the plaintiffs Weisbender, Noll, and Smith have sought to appeal the case to this court by petition in error and case-made. The Stephenson-Browne Lumber Company neither joined in said appeal, nor was it made a defendant in error or served with the case-made.

The defendant by its counsel in this court insists, in brief, that the proceeding be dismissed because of the fact that the lumber company was a necessary party to the determination of it, and that, in the absence of said company appearing either as plaintiff or defendant in error, and in the absence of any service having been made upon it or any appearance in this court, we are without jurisdiction to review the action of the trial court. In our judgment this contention must be sustained. To hold otherwise would be to adjudicate in this court the rights to this company without its being a party to the action. A reversal of this judg-

ment would be to reverse the judgment of the lumber company and would affect it adversely in a proceeding in which it was not a party and had no opportunity to be heard or to present its claims.

This question was passed on by the Supreme Court of the territory of Oklahoma in a number of cases, among which may be noted the following: *Board of County Commissioners of Logan County v. Harvey et al.,* 5 Okla. 468, 49 Pac. 1006; *Humphrey et al. v. Hunt,* 9 Okla. 196, 59 Pac. 971; *Wedd v. Gates et al.,* 15 Okla. 602, 82 Pac. 808. This court has passed on the same question in which the foregoing and other authorities are collated and examined in the case of *Strange et al. v. Crismon,* 22 Okla. 841, 98 Pac. 937. From these authorities it is laid down that all who were parties to the action in the trial court, and whose interests would be affected by reversal of the judgment, must be made parties in this court; and, also, where the interests of those who are brought as parties in the appellate proceeding will be injuriously affected by a reversal of the judgment complained of, with out reopening of the case as to other parties as to whose interests the judgment has become final by the failure to appeal, or by not being made parties on appead, so likewise the proceeding will be dismissed. *Board of County Com'rs v. Harvey, supra.*

On the authority of the foregoing adjudications, the contention of defendant in error is sustained, and the appeal is dismissed.

Hayes, Turner, and Williams, JJ., concur; Kane, C. J., absent and not voting.