# WOOD v. JONES *et al.*

No. 1613.  Opinion Filed February 6, 1912.

Rehearing Denied April 9, 1912.

(122 Pac. 678.)

1. **APPEAL AND ERROR—Record—Case-Made.** A purported case-made which is not served within three days after the judgment or order appealed from is entered, or within an extension of time duly allowed is a nullity, and cannot be considered by the Supreme Court.

2. **SAME—Settlement.** It is essential that all parties to an action be present, and have proper notice of the presentation of the case-made for settlement, in order that they may suggest amendments or present objections to the case-made, as thus presented for settlement.

(Syllabus by Robertson, C.)

*Error from Jackson County Court;*
*W. T. McConnell, Judge.*

Action by F. M. Wood against E. J. Jones and the Duke State Bank.  Judgment for defendants, and plaintiff brings error.  Dismissed.

*W. C. Austin,* for plaintiff in error.

*Everett Petry,* for Duke State Bank.

Opinion by ROBERTSON, C.  The judgment of the court below in this case was entered May 4, 1909.  Plaintiff was given 90 days in which to prepare and serve a case for this court; defendants to have ten days to suggest amendments, and same to be settled and signed on five days' notice by either party, in writing.  (Record, p. 93.)  The case was served on the Duke State Bank October 2, 1909, as shown by the following acceptance:

"I, Everett Petry, attorney for the Duke State Bank, hereby accept service of the above and foregoing case-made, this the 2d day of October, 1909.  Everett Petry, Attorney for Duke State Bank."

This was 151 days after the rendition of the judgment, and no extension of time was asked for by the plaintiff in error, or granted by the trial court. Consequently the purported case-made is a nullity, and the errors assigned in the petition in error, so far as they might have been inquired into by virtue of a properly prepared, served, and certified case-made, cannot be considered by this court. It is also a settled rule of this court that alleged errors, as set up in the petition in error in this case, and relied upon by plaintiff in error in his brief, and which do not appear on the face of the record, and are not preserved by bill of exceptions or case-made, cannot be reviewed in this court. In the case at bar the only errors assigned require an examination of the evidence, and inasmuch as the same was not preserved by bill of exceptions or case-made, this court cannot examine the same.

Another fatal defect in this record is that E. J. Jones, one of the defendants below, and a necessary party, and one who would be affected by the judgment of this court, was not made party to this appeal. In *Rachel Thompson et al. v. J. S. Fulton,* 29 Okla. 700, 119 Pac. 244, this question was ably discussed by Mr. Justice Williams, who said:

"It is essential that all parties to an action be present, and have proper notice of the presentation of the case-made for settlement, in order that they may suggest amendments or present objections to the case-made as thus presented for settlement."

In this case no attempt was made to join Jones as defendant in error, and as to him this case-made could be settled only within the prescribed three days provided by law; but no extension of time was granted or allowed to serve the same on him, and it is a well-established rule of this court that a case not served within three days after the judgment sought to be reversed is entered, or within an extension of time allowed by the court or judge, is void, and will not be considered.

The court, therefore, not being authorized to inquire into the alleged errors, the petition in error should be dismissed.

By the Court: It is so ordered.