## COMANCHE MERCANTILE CO. v. NORTHWESTERN KNITTING CO.

No. 5475.  Opinion Filed October 12, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1158.)

1. **APPEAL AND ERROR—Case-Made—Settling and Signing—Ground for Dismissal.** Where a case-made fails to show that notice has been given of the time and place of presenting the same for settling and signing, or that defendant in error appeared or was represented at such settling and signing, or waived the right to be there, such failure is good ground for dismissal.

2. **APPEAL AND ERROR—Technical Irregularities—Affirmance.** Where the record shows beyond doubt that defendant is indebted to plaintiff in the amount of the judgment recovered; that defendant was on the witness stand and was interrogated with regard to the account, and failed to deny, or offer any evidence in denial of the fact that he was so indebted, and offered no other defense or reason why judgment should not be rendered against him, and urges in this court only irregularities of a highly technical character, the judgment will be affirmed, regardless of technical irregularities not involving the merits of the case.

(Syllabus by Brewer, C.)

*Error from County Court, Stephens County;*
*J. W. Marshall, Judge.*

Action by the Northwestern Knitting Company against the Comanche Mercantile Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*H. B. Lockett,* for plaintiff in error.

*J. B. Wilkinson,* for defendant in error.

Opinion by BREWER, C. Defendant in error, Northwestern Knitting Company, a Minnesota corporation, brought this suit as plaintiff below to recover of the Comanche Mercantile Company, a domestic corporation, the sum of $249.78, a balance on account for goods, wares, and merchandise, together with certain accrued interest thereon. The goods were delivered to defendant about August, 1911, and this suit was filed in August, 1912. The attorney bringing the case here on appeal was the president of defendant corporation.

The record before us is so deficient and lacking in many of the essentials of a case-made that it has been with great difficulty that we have been able to determine just what occurred in the trial of the case in the court below. This fact may be illustrated by plaintiff in error's motion filed here, asking that it be permitted to amend the case-made "by showing that it is a record of the proceedings in the trial and disposition of the above cause." Defendant in error has also filed a motion to be permitted to amend the case-made, which consists of 19 pages, in nine or more particulars. Defendant in error also insists that the appeal should be dismissed, because it fails to show that any notice was served of the time and place of settling same, or that the attorney for defendant in error appeared, or was present at such settling and signing. Upon an examination of the record we find this to be true, and it would be sufficient to require a dismissal of the case, under the holdings of this court. *Jones v. Jones,* 35 Okla. 453, 130 Pac. 139, and authorities there cited.

Still, with the record in this condition, we have gone through every paper filed, with care, and find that it is well established that plaintiff in error was justly indebted to defendant in error in the amount of the judgment rendered; that the interest allowed thereon was proper; that no genuine defense was made in the case. The president of plaintiff in error was on the witness stand, and nowhere denied that his company owed this money; nor is it even suggested in the briefs that the money is not justly due. We are therefore forced to the conclusion that the appeal has been prosecuted solely for delay; that there was no meritorious defense, and that substantial justice has been done. This conclusion is further strengthened by the fact that the objections seriously urged here are of the most highly technical character, going to the notice to take depositions in Minneapolis, and the inscription upon the envelope in which said depositions were transmitted to the trial court. But, as plaintiff in error seems to have been present or represented at the taking of the depositions, where it is shown that all the important questions asked the witnesses were objected to on nearly every conceivable ground, we take it that the notice was sufficient to advise the parties of the time and place of taking said depositions, which, of course, was its purpose.

The other questions raised are equally without merit, and will not be specifically considered.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.