## STATE NATIONAL BANK v. LOWENSTEIN *et al.*

No. 4998. Opinion Filed November 9, 1915.

(155 Pac. 1127.)

1. **GARNISHMENT—"Filing" of Answer—Date.** The date of filing papers is that upon which they are deposited with the proper custodian, and not that upon which they are marked "Filed," and the filing is the actual delivery to the clerk, without regard to any action that he may take thereon.

2. **PLEADING—Filing Out of Time—Validity.** Where a pleading is filed out of time, without permission of the court, or agreement of opposing counsel, it may be treated as a nullity, otherwise acts regulating the time of pleading would be nugatory.

3. **GARNISHMENT—Garnishee—Failure to Answer—Judgment.** If any garnishee, having been duly summoned, shall fail to file his answer as required by law, the court may render judgment against him for the amount of the judgment which the plaintiff may recover against the defendant in the action, and for damages

and costs, together with the cost of such garnishment, without further proof of the liability of such garnishee.

4.    **GARNISHMENT — Garnishee Summons — Requisites — Service— Jurisdiction.** Section 4824, Rev. Laws 1910, provides: "Upon the filing of such affidavit a garnishee summons shall be issued by the clerk and served upon the defendant or his attorney of record, and each of the garnishees, in the manner provided for service of summons, and shall be returned with proof of service in five days. The garnishee summons may be served by the sheriff, or any other person not a party to the action, and shall be substantially in the following form: '...... Court, ......County. A. B., Plaintiff, v. C. D., Defendant, E. P., Garnishee. The State of Oklahoma to said Garnishee: You are hereby summoned, pursuant to the affidavit filed herein, as garnishee of the defendant, C. D., and required on or before date of return day, to answer according to law whether you are indebted to, or have in your possession or under your control, any property, real or personal, belonging to such defendant, and file your answer with the clerk of this court: and in case of your failure so to do, you will be liable to further proceedings according to law. Of which the said defendant will also take notice.'" **Held,** that this section of the statute is mandatory, and a garnishment summons which does not substantially conform to the provisions of this statute is void, and the service thereof would give no jurisdiction to the court, and **held,** further, that a failure to serve the garnishee summons upon the principal defendant would also be fatal to the jurisdiction of the court.

(Syllabus by Robberts, C.)

*Error from Superior Court, Oklahoma County; Edward Dewes Oldfield, Judge.*

Action by Isaac Lowenstein against F. H. Wahl, and the State National Bank, as garnishee. Judgment for plaintiff, and the garnishee brings error. Reversed and remanded, with directions.

*Wilson & Tomerlin* and *E. E. Buckholtz,* for plaintiff in error.

*Stacy Wells* and *W. M. Howenstein,* for defendants in error.

Opinion by ROBBERTS, C.    This case comes here on appeal from an order of the superior court of Okla-

homa county refusing to set aside a default judgment against the State National Bank as garnishee.

For convenience herein we will designate Isaac Lowenstein as plaintiff, F. H. Wahl defendant, and the State National Bank as garnishee.

We gather from the records that in September, 1912, the plaintiff commenced an action against the defendant to recover the sum of $300 for rent. At the commencement of the suit plaintiff filed a garnishment affidavit, charging that the State National Bank was indebted to the defendant, and caused a garnishment summons to be issued and served upon said garnishee requiring it to answer on or before the 8th day of October, 1912, but said summons was not served on the defendant. On the 8th day of October, 1912, George L. Cooke, as cashier of the garnishee, prepared an answer to said garnishment proceedings as follows:

"In answer to the garnishee summons in the within entitled case, the State National Bank states that it has not, nor did it have at the time of this summons, any moneys, funds or property of any description whatever to the credit of or belonging to the said F. H. Wahl. Wherefore it asks for its costs in this action. State National Bank, Oklahoma City, Okla. Geo. L. Cooke, Cashier."

"Subscribed and sworn to before me this 8th day of October, 1912.

"O. F. GIBSON, *Notary Public.*   [Seal.]

"My commission expires May 18, 1913."

Mr. Cooke states that he filed this answer in the office of the clerk of the court the same day it was sworn to, which was the 8th day of October, 1912, the day the answer was due. It appears from the filing mark on the

back of the answer, which is written on an ordinary blank paper, that it was filed on the 11th day of October, 1912. On the 9th day of October, the garnishee was adjudged to be in default for want of an answer. The main case was tried to a jury on the 13th day of December, 1912, and verdict and judgment rendered for the plaintiff in the sum of $200.

Motion for new trial was overruled, and the judgment against defendant, Wahl, became final. On the 28th day of December, after final judgment was rendered against the defendant, the court entered the following order:

"And now on this 28th day of December, 1912, the court having inspected the pleadings, exhibits, record and files herein and it appearing to the court that the State National Bank, a corporation, garnishee in the above-entitled action, was on the 11th day of September, 1912, duly served with garnishment summons pursuant to an affidavit and bond duly filed herein, in which summons said garnishee was required to answer on or before the 8th day of October, 1912, according to law, whether it was indebted to, or had in its possession or under its control any property, real or personal, belonging to the defendant herein; and that the said garnishee answered not but wholly made default, and on motion of the plaintiff on the 9th day of October, 1912, the court being fully advised in the premises, said garnishee was adjudged in default of an answer, and it further appearing to the court that the issues between the plaintiff and defendant herein have been duly tried and verdict and judgment entered this day against the defendant and in favor of the plaintiff in the sum of $200 and costs, and that the garnishee herein came not but wholly made default; now on further motion of the plaintiff, made in open court, it is considered, ordered, and adjudged this 28th day of December, 1912, that the plaintiff, Isaac Lowenstein, have and re-

cover from the garnishee, State National Bank, the sum of $200, together with the costs of this action, for which let execution issue."

Nothing further was done until January 20, 1913, at which time plaintiff notified the garnishee of the judgment. On January 28th, the garnishee filed its application, designated "motion," to vacate this judgment.

The application or motion is as follows:

"Comes now the State National Bank, garnishee in the cause above entitled and moves the court to make and enter an order, decree and judgment vacating the previous order, decree and judgment made and entered in this cause, wherein a judgment was rendered in favor of the above-named plaintiff and against this movant as garnishee in said cause for the sum of two hundred dollars ($200.00), and for cause thereof states to the court:

"First. That on and prior to the 11th day of September, 1912, the said State National Bank, garnishee herein, was served with summons in garnishment in the above-entitled cause commanding it to answer as garnishee in said action; that at said time and at all times since said date up to and including the 8th day of October, 1912, and up to and until the 11th day of October, 1912, inclusive, the garnishee had no funds or moneys, properties, assets, credits or property either real or personal of any kind or character in which the said defendant had claimed or asserted any interest.

"Second. That by the summons in garnishment in said cause garnishee was directed to file its written answer in said cause on or before the 8th day of October, 1912; that on the 8th day of October, 1912, George L. Cooke, as cashier of said garnishee, State National Bank, did make, prepare and caused to be delivered to the clerk of the Superior Court of Oklahoma County, Okla., the certain answer of said State National Bank as garnishee, in writing, by the written terms of which the said State

National Bank denied that it had any property of any kind or character, real or personal, money, effects, credits, or assets belonging to the said defendant or in which he claimed or asserted any interest whatsoever, and that said Geo. L. Cooke acted for and on behalf of said garnishee, State National Bank, and delivered such answer so sworn to, to the clerk of said court on the 8th day of October, 1912; that by mistake, neglect and omission, said clerk did not file same until a day later than October 8, 1912, and neglected to file same until the 11th day of October, 1912; that said plaintiff took a default judgment against this garnishee in said cause on account of its failure to answer on October 9, 1912, and also took judgment against this garnishee on December 28, 1912, notwithstanding the fact that said garnishment answer had been delivered by said bank to the clerk for the purpose of being filed; that except for the mistake, neglect, and omission of the clerk in failing to file said answer in garnishment the date it was delivered to him at his office for filing, said garnishee would not have been in default of answer in said cause as garnishee.

"That this motion to vacate said judgment is filed under and by virtue of subdivision 3, section 4760, and section 4761, of Wilson's Statutes of the State of Oklahoma.

"Wherefore, garnishee prays the court that said judgment be vacated, set aside, and held for naught, and that it go hence with its costs and expense on its behalf.

"STATE NATIONAL BANK,

"By WILSON & TOMERLIN, *Its Attorneys.*"

"STATE OF OKLAHOMA, OKLAHOMA COUNTY, ss:

"George L. Cooke, of lawful age, being first duly sworn on his oath states that he is the cashier of the State National Bank, the garnishee in the above proceeding named, and for and on behalf of said corporation makes this affidavit that he has read over the within and

foregoing motion to vacate the judgment and that the facts and statements therein contained are true.

"GEO. L. COOKE.

"Subscribed and sworn to before me this the 28th day of January, A. D. 1913.

"[Seal.]      HENRY ELLIOTT, *Notary Public*."

It will be noticed that the application states that it is brought under subdivision 3 of sections 4760 and 4761 of Wilson's Statutes (sections 5267 and 5268, Harris-Day Code). The motion is duly verified and "prays the court that said judgment be vacated, set aside, and held for naught, and that it (garnishee) go hence with its costs."

Notice of the hearing of this application to vacate was served on counsel for plaintiff, and at the time set for hearing the plaintiff and garnishee and their attorneys appeared. Witnesses were sworn and examined in behalf of both parties.

The answer of the garnishee shows that it was verified on the 8th day of October, 1912, which was the day named in the summons for the answer of the garnishee to be filed. The cashier of the garnishee testified that he filed the answer with the clerk of the court on that day. At times he did not seem to be certain as to the date he filed the answer, but swore positively that he filed it on the day it was sworn to.

The clerk of the court would not say that the filing mark on the answer stated the correct date on which it was filed, but did say he had some recollection that there was something wrong with it—could not say what it was. It would naturally appear to the writer hereof that about the only thing that could be wrong with a filing mark would be that it did not state the correct date of the

filing. There is no evidence tending to contradict the statements of the cashier of garnishee and clerk of the court, except the date shown by the filing mark.

It will be remembered that the answer of the garnishee was on file at the time judgment was finally rendered against defendant and also against the garnishee. No proof was offered by the plaintiff tending to show that the garnishee was indebted in any way or manner to the plaintiff.

On the trial of the motion to vacate, it was conclusively shown that the bank was not indebted to the defendant at the time the summons in garnishment was served, nor at any time thereafter. The motion to vacate the judgment against the garnishee was overruled by the court, exceptions saved, and garnishee brings error.

Counsel for garnishee, plaintiff in error, submit the following assignments or reasons why the judgment of the lower court should be reversed and the judgment against the garnishee vacated and set aside: (1) The date of filing papers is that upon which they are actually delivered to the proper custodian, and not necessarily the date of the filing mark. (2) The answer of the garnishee serves the double purpose of a pleading, and as to the pleader, also of proof of the case. (3) The judgment against the garnishee is void because of failure to serve the garnishee summons on the defendant. (4) The court erred in rendering judgment against the garnishee without proof of its indebtedness to the defendant.

The first contention, that the date of the filing mark in such a paper is not conclusive, and that the actual date of the delivery of the instrument to the proper custodian controls, and that such delivery may be shown by

parol evidence contradicting the filing mark, is too well settled to require citation of authorities. This court says in *Covington v. Fisher*, 22 Okla. 207, 97 Pac. 615:

"A mortgage is filed, within the meaning of the statute, when it is delivered to the proper officer, and by him received for the purpose of being recorded."

The second assignment, that the answer of the garnishee should be considered *prima facie* proof of the facts stated therein, is not controlling herein, for the reason that the contention of plaintiff is not directed to the contents or effect of the answer, but to the fact that it was not filed, or in other words, that there was no answer at all.

As we look at it, if the answer was filed within the time required in the notice, the action of the court in rendering judgment against the garnishee in the face of the answer, without a hearing, would be error; but if the answer was not actually filed with the clerk until the 11th day of October, and then without consent of the court or opposing counsel, it would be a nullity, and the case would stand as if no answer had been filed. We believe the correct rule is laid down in 21 Pl. & Pr. 709, as follows:

"Where a pleading is filed out of time, even though notice is given to the adverse party of the time of filing it, it may be treated as a nullity, otherwise acts regulating the time of pleading would be nugatory."

Also by the Supreme Court of Kansas, in *Luke v. Johnnycake*, 9 Kan. 511, wherein it is said:

"An amended answer filed out of time, without leave of court or judge, and without consent of the plaintiff, may be treated as a nullity by the court and counsel."

In *Hopkins v. Cothran*, 17 Kan. 175, it is said:

"The default of the defendants for failing to answer the complaint within the time allowed by law for answering, was properly entered. The filing of an answer after the default had been entered did not affect the default. The motion to set aside said default was properly denied, no ground appearing for setting said default aside. Judgment affirmed."

Section 4829, Rev. Laws 1910, is as follows:

"FAILURE OF GARNISHEE TO ANSWER. If any garnishee, having been duly summoned, shall fail to file his affidavit as required in the preceding sections, the court may render judgment against him for the amount of the judgment which the plaintiff shall recover against the defendant in the action and for damages and costs, together with the costs of such garnishment."

The foregoing, with many other authorities, seem to settle the proposition that a pleading, which would include the answer of a garnishee, filed out of time without the consent of the court, and without agreement of counsel, is a nullity.

This brings us to the third assignment of the garnishee, which is that the judgment against the garnishee is void because of failure to serve the garnishee summons upon the principal defendant, Wahl.

The summons and return of the officer serving the same, with all indorsements thereon, are as follows:

"State of Oklahoma, County of Oklahoma—ss:

"In the Superior Court of Oklahoma County, State of Oklahoma.

"Isaac Lowenstein, Plaintiff, v. F. H. Wahl, Defendant, State National Bank, Garnishee.

"GARNISHEE SUMMONS.

"State of Oklahoma to said garnishee:

"You are hereby summoned, pursuant to the affidavit filed herein, as garnishee of the defendant, F. H. Wahl,

and required on or before the 8th day of October, 1912, to answer according to law, whether you are indebted to, or have in your possession or under your control any property, real or personal, belonging to such defendant, and file a copy of your answer with the clerk of this court; and in case of your failure so to do you will be liable to further proceedings, according to law. Of which said defendant will also take notice.

"JAMES BEATY,
"*Clerk of the Superior Court of Oklahoma County, Okla.*

[Seal]                "By W. E. VANCE, *Deputy.*"

"SHERIFF'S RETURN.

"I received the garnishee summons on Sept. 11th, 1912, and executed the same in my county by serving a true copy of this summons on the State National Bank by delivering a true copy of this garnishee summons to Geo. L. Cooke, in person on Sept. 11, 1912, at 8:58 A. M., he being cashier of the State National Bank—the Chairman of the Board of Directors, President or Vice President not being present at the time of service.

"JACK SPAIN, *Sheriff.*

"By E. L. STOUT, *Deputy.*"

Indorsements:

"No. 2595. Garnishee Summons. Lowenstein, Plaintiff, v. Wohl, Defendant, and State Nat'l. Bank. Issued 9/11/12. Returnable 9/15/12. Answer due 10/8/12.

"Filed in the superior court of Oklahoma County, Okla., Sept. 11, 1912. James Beaty, Clerk, by Leo. Shilling, Deputy.

"Sheriff's Fees: Serving summons, first person..$ .50
                    1 copy of summons.................... .25
                                                        ─────
                                                         .75
"JACK SPAIN, *Sheriff.*
"By E. L. STOUT, *Deputy.*"

The return shows that the principal defendant was not served, and there is no showing in the record that he appeared in the garnishment proceedings. We here call attention to the fact that the last clause in the summons is as follows:

"Of which said defendant will also take notice."

Section 4824, Rev. Laws 1910, which was in force at the time, is as follows:

"Upon the filing of such affidavit a garnishee summons shall be issued by the clerk and served upon the defendant or his attorney of record, and each of the garnishees, in the manner provided for service of summons, and shall be returned with proof of service in five days. The garnishee summons may be served by the sheriff, or any other person not a party to the action, and shall be substantially in the following form:

"'............Court, ............County. A. B., Plaintiff, v. C. D., Defendant, E. F. Garnishee. The State of Oklahoma to Said Garnishee: You are hereby summoned, pursuant to the affidavit filed herein, as garnishee of the defendant, C. D., and required on or before date of return day, to answer according to law whether you are indebted to, or have in your possession or under your control, any property, real or personal, belonging to such defendant, and file your answer with the clerk of this court; and in case of your failure so to do you will be liable to further proceedings according to law. Of which the said defendant will also take notice.

"'...................................

"'Clerk of the District Court.'"

It will be seen that the law-making power, not only provided that the summons should be served upon defendant or his attorney, but went so far as to adopt a form, and required that the summons shall be substantially of that form, and in the form so provided is further, if not

positive, proof of the fact that it was intended that the summons in garnishment should be served on the principal defendant, wherein it states:

"Of which the said defendant will also take notice."

It is plain from the language of the statute that this provision for service of a garnishment summons is mandatory, and without full compliance therewith the court would have no jurisdiction of the case. The Territorial Supreme Court, in *Phoenix Bridge Co. v. Street*, 9 Okla. 422, 60 Pac. 221, had under consideration the same question, and in the fourth and fifth paragraphs of the syllabus we find this language:

"4. A garnishee summons which does not substantially conform to the statutory form, and which omits some of the material recitals or requirements, is void, and an appearance and answer by the garnishee will not waive such defects."

"5. A judgment rendered against a garnishee who has answered to a void garnishee summons in an action against a nonresident, who has not been personally served or appeared, is void, and should be set aside on motion."

After setting out a copy of the summons and return of the officer, which, as in this case, shows that no service was had upon the principal defendant, Chief Justice Burford, speaking for the court, says:

"This writ is not addressed to the garnishee, does not give the title of the cause in which it is issued, does not notify the garnishee that he is required to appear and answer on or before the return day, according to law, does not direct him to file a copy of his answer with the clerk, and does not purport to be a notice to the defendant as required in the statutory form. But on the contrary, it requires the garnishee to appear in court on a day certain, to answer such questions as may be put to him, and

fixes the day for his appearance on the 14th day of the February term of said court, commencing on the 1st day of January, 1899.

"Were these defects and irregularities sufficient to defeat the jurisdiction of the court?

"The rendering of judgment against garnishee is dependent upon the court having obtained jurisdiction over the garnishee, and the fund in his possession, both for the purpose of condemning the fund in the possession of the garnishee and for rendering a judgment *in rem* to that amount against the principal defendant. Where the principal defendant is not personally before the court, and no service has been had upon him except notice by publication, the court cannot proceed to render a judgment *in rem* until it has obtained jurisdiction of the garnishee, and the fund in his possession; and such jurisdiction must be obtained by a substantial compliance with the statutory requirements.

"In this case the record shows that after the so-called summons was served on the garnishee, it filed its answer in which it admitted its indebtedness to the principal defendant in the sum for which judgment was afterwards rendered. The garnishee thus voluntarily appeared and submitted itself to the jurisdiction of the court, and by its action waived all irregularities and defects in the summons of service, but how far did this appearance affect the rights of the principal defendant?

"In Shinn on Attachment, sec. 610, it is said: 'The voluntary appearance and answer of the garnishee will, however, waive all clerical errors or other irregularities in the writ, and return, and all mere insufficiencies in the manner in which he is brought into court.'

"Again, in section 646, the same author states the rule thus: 'As hereinbefore stated, the appearance and answer of the garnishee cannot give the court jurisdiction, because jurisdiction must be obtained by the service prescribed by the statute; but where jurisdiction has been

acquired over the subject-matter of the garnishment by a substantial compliance with the requirements of the statute, then an appearance and answer by the garnishee will waive any informalities or irregularities in the proceedings which are not in themselves jurisdictional.'

"Mr. Chief Justice Ryan, in *Steen v. Norton*, 45 Wis. 417, said: 'But this right a garnishee, as such, has not. He cannot voluntarily appear and substitute his creditor's creditor for his own, because that goes to jurisdiction of the subject, not to jurisdiction of the person.'

"The same rule is laid down in *Wells v. Am. Ex. Co.*, 55 Wis. 24 [11 N. W. 537, 12 N. W. 441, 42 Am. Rep. 695]; *Hebel v. Amazon Ins. Co.*, 33 Mich. 400, and *Elder v. Hasche et al.*, 67 Wis. 653 [31 N. W. 57], and Shinn on Attachment, secs. 605 and 606.

"The defects in the garnishee summons we regard as more than defects of form, or mere irregularities or clerical errors. They go to substance and render the writ void. The summons being void, no jurisdiction was acquired over the garnishee, and the garnishee could not confer jurisdiction by an appearance and answer.

"There are some authorities which hold to the doctrine that a principal defendant cannot object to the jurisdiction of the court over the garnishee after appearance, but so far as we have examined, the cases holding this doctrine are not in conflict with our views herein.

"In the latter class of cases the court had personal service on the principal defendant, or he had personally appeared. The rule would necessarily be different in that class of cases from the one at bar."

That case is conclusive of the fact that for failure to obtain service upon the principal defendant, the court had no jurisdiction of the garnishment proceedings. Without jurisdiction of the principal defendant, the court could not obtain jurisdiction of his funds or property,

if any, in the hands of the garnishee. The owner of the property sought to be subjected to the payment of his debts was entitled to his day in court, to show if he could, and so desired, that the property or funds in the hands of the garnishee were exempt, or for some other reason not subject to execution, or to make any other defense or claim he might have. This opportunity he did not have in this case.

The form of the motion and the time and manner in which it was presented are immaterial. The statute provides that:

"A void judgment may be vacated at any time, on motion of the party or any person affected thereby."

For the foregoing reasons, this case should be reversed and remanded to the superior court of Oklahoma county, with directions that the judgment against the State National Bank be set aside and vacated for want of jurisdiction.

By the Court: It is so ordered.