POWELL *et al.* v. FIRST STATE BANK OF CLINTON.

No. 5656.   Opinion Filed November 30, 1915.

On Rehearing, February 29, 1916.

(155 Pac. 500.)

1.   **APPEAL AND ERROR—Case-Made—Time for Serving.** A purported case-made, which is not served within three days after the judgment or order appealed from is entered, or within an extension of time duly allowed, is a nullity, and cannot be considered by this court.

2.   **APPEAL AND ERROR—Dismissal—Motion for New Trial.** Where a case-made filed in this court fails to show that the trial court passed on the motion for new trial, the petition in error will be dismissed.

3.   **APPEAL AND ERROR—Case-Made—Certificate of Court Stenographer.** The certificate of the stenographer that the evidence contained in the case-made is a correct and complete transcript of all the evidence offered on the trial is not sufficient.

4.   **APPEAL AND ERROR—Presentation for Review—Evidence.** Where the record on appeal does not show that it contains all the evidence taken in the trial court, no error can be reviewed arising on a question of evidence.

5.   **APPEAL AND ERROR—Presentation for Review—Evidence— Dismissal.** If, on investigation of a case-made, it appears that material evidence introduced on the trial in the lower court has

been omitted therefrom, and that said evidence is necessary for a proper determination of the case, the appeal should be dismissed, even though the certificate of the trial judge recites that the case-made contains all the evidence.

6. **APPEAL AND ERROR—Garnishment—Necessary Parties—Principal Defendant.** Section 4824, Rev. Laws 1910 Ann., provides that "upon the filing of such affidavit a garnishment summons shall be issued by the clerk and served upon the defendant or his attorney of record, and each of the garnishees, in the manner provided for service of summons, and shall be returned with proof of service in five days." **Held** that, under this section of the statute, the principal defendant is a necessary party to the garnishment proceedings in the lower court, and also a necessary party on appeal to this court.

7. **APPEAL AND ERROR—Necessary Parties.** One whose rights may be affected by a reversal or modification of a judgment appealed from is a necessary party in the appellate court.

(Syllabus by Robberts, C.)

*Error from District Court, Custer County;*
*James R. Tolbert, Judge.*

Action by the First State Bank of Clinton against L. L. Murray, wherein garnishment summons was issued against H. C. Powell and another. Judgment for plaintiff, and the garnishees bring error. Case dismissed.

*Echols & Merrill,* for plaintiffs in error.

*A. J. Welch,* for defendant in error.

Opinion by ROBBERTS, C.   The First State Bank of Clinton, Okla., defendant in error, brought an action against one L. L. Murray, in the district court of Custer county, Okla., and had a garnishee summons issued against H. C. Powell and S. L. Shore, plaintiffs in error. Plaintiffs in error answered the garnishment proceedings by affidavit, saying that they had no property within their possession belonging to Murray, and that they were not in any manner indebted to him. Upon this, the defendant in error took issue, trial was had before the court, and

judgment rendered against the plaintiffs in error as garnishees, on the 9th day of April, 1913, for the sum of $415.85, with interest. Motion for new trial was filed, and garnishees bring error. The petition in error was filed in this court on the 7th day of October, 1913.

On the 17th day of September, 1915, the defendant in error filed its motion to dismiss the appeal based upon the following grounds:

"1. The judgment was rendered April 9, 1913, and case-made was served August 20, 1913, and the record in this case does not show any order extending time for service of case-made.

"2. The record shows the filing of a motion for a new trial, but does not show that such motion was ever acted upon by the trial court.

"3. Plaintiff in error complained of the court's findings of fact as not being supported by the evidence, but the case-made fails to show that it contains all the evidence, records, and proceedings. And there is no stipulation by counsel that the case-made is a true, complete, and correct one.

"4. The record affirmatively shows that the same does not contain all the evidence. At page 45, two important exhibits, 'C' and 'D,' were introduced in evidence; but they are not in the record. At page 54, another important exhibit was introduced in evidence; but it is not in the record.

"5. The defendant L. L. Murray, the principal judgment debtor, is not made a party to this appeal."

This motion was served on counsel for plaintiffs in error on the 15th day of September, 1915, and has at this time been on file in this court more than two months, and no answer or denial of the charges therein has been made.

We have examined the record, and, so far as we have been able to ascertain therefrom, the grounds for dismissal set out in the motion appear to be true.

The first contention is that the case-made was not served within three days after judgment, and there is no showing in the record that the time was extended.

"A purported case-made, which is not served within three days after the judgment or order appealed from is entered or within an extension of time duly allowed, is a nullity, and cannot be considered by this court. *Cowan v. Maxwell,* 27 Okla. 87, 111 Pac. 388; *Haynes v. Smith,* 29 Okla. 703, 119 Pac. 246; *Wagoner v. Gibson,* 32 Okla. 14, 121 Pac. 625; *Wood v. Jones,* 32 Okla. 640, 122 Pac. 678."

The second ground is that the record fails to show that the motion for new trial was passed upon by the trial court.

"Where a case-made filed in this court fails to show that the trial court passed on the motion for new trial, the petition in error will be dismissed. *Swank v. Tillman,* 25 Okla. 424, 106 Pac. 644."

The third and fourth causes for dismissal will be considered together, and are that the case-made fails to show that it contains all the evidence, records, and proceedings of the trial court, but, on the contrary, said case-made shows on its face that it does not contain all the evidence introduced on the trial.

Upon examination, we find a certificate of the court stenographer stating the necessary facts; but, under the decisions of this court, such certificate is not sufficient, and cannot be considered.

"The certificate of the stenographer that the evidence contained in the case-made is a correct and complete

transcript of all the evidence offered on the trial is not sufficient. *Wagner v. Sattley Mfg. Co.,* 23 Okla. 52, 99 Pac. 643."

The record shows on its face that certain exhibits, "C," "D," and "1," were introduced in evidence, but are not contained in the case-made.

On the 10th day of September, 1915, counsel for plaintiff in error filed a motion in this court with a certified copy of the omitted Exhibit 1 attached thereto, and also an affidavit of counsel stating, in substance, that the contract (Exhibit 1) was introduced in evidence on the trial below, and had been omitted from the case-made by oversight of the court stenographer, and praying that "this court order that said certified copy of said exhibit be attached to said case-made, and made a part thereof at page one hundred." It is not necessary to pass upon this motion, for the reason that there are other matters which are fatal to the jurisdiction of this court.

The fifth ground is that the principal judgment debtor, Murray, was not made a party to this appeal. Section 4824, Rev. Laws of Okla., 1910 Ann., and section 4377, Wilson's Stat., which were in force at the time, provide:

"Upon the filing of such affidavit a garnishee summons shall be issued by the clerk and served upon the defendant or his attorney of record, and each of the garnishees, in the manner provided for service of summons, and shall be returned with proof of service in five days. The garnishee summons may be served by the sheriff, or any other person not a party to the action, and shall be substantially in the following form."

The form prescribed provides for service on the defendant, and he was made a party in the trial court. Evidently he is interested in the result of the appeal. His rights might be seriously affected.

"One whose rights may be affected by a reversal or modification of a judgment appealed from is a necessary party in the appellate court." *(Wedd v. Gates,* 15 Okla. 602, 82 Pac. 808; *Weisbender v. School Dist.,* 24 Okla. 173, 103 Pac. 639.)

The territorial Supreme Court, in *Phoenix Bridge Co. v. Street,* 9 Okla. 422, 60 Pac. 221, had under consideration the same question, and in the fourth and fifth paragraphs of the syllabus we find this language:

"4.  A garnishee summons which does not substantially conform to the statutory form, and which omits some of the material recitals or requirements, is void, and an appearance and answer by the garnishee will not waive such defects.

"5. A judgment rendered against a garnishee who has answered to a void garnishee summons in an action against a nonresident, who has not been personally served, or appeared, is void, and should be set aside on motion."

After setting out a copy of the summons and return of the officer, which, as in this case, shows that no service was had upon the principal defendant, Chief Justice Burford, speaking for the court, says:

"The rendering of judgment against the garnishee is dependent upon the court having obtained jurisdiction over the garnishee, and the fund in his possession, both for the purpose of condemning the fund in the possession of the garnishee, and for rendering a judgment *in rem* to that amount against the principal defendant. Where the principal defendant is not personally before the court, and no service has been had upon him except notice by publication, the court cannot proceed to render a judgment *in rem* until it has obtained jurisdiction of the garnishee, and the fund in his possession; and such jurisdiction must be obtained by a substantial compliance with the statutory requirements."

In *State National Bank v. Lowenstein et al.*, 52 Okla. 259, 155 Pac. 1127, recently handed down by this court, after referring to the Phoenix Bridge Case, *supra*, it is said:

"The case is conclusive of the fact that, for failure to obtain service upon the principal defendant, the court had no jurisdiction of the garnishment proceedings. Without jurisdiction of the principal defendant, the court. could not obtain jurisdiction of his funds, or property, if any, in the hands of the garnishee. The owner of the property, sought to be subjected to the payment of his debts, was entitled to his day in court, to show if he could, and so desired, that the property or funds in the hands of the garnishee was exempt, or for some other reason not subject to execution, or to make any other defense or claim he might have. This opportunity he did not have in this case."

### ON REHEARING.

The application for rehearing should be denied and the case dismissed.

By the Court: It is so ordered.