## OKLAHOMA AUTO SUPPLY CO. v. MATHEY *et al.*

No. 7781.   Opinion Filed April 11, 1916.

(157 Pac. 55.)

APPEAL AND ERROR—Grounds for Dismissal—Settlement of Case-Made. A proceeding in error, brought to this court on a case-made, where it does not appear from the record that one of the defendants in error and the interpleader were present at the settlement, either personally or by counsel, or that notice of the time thereof was served or waived, or what amendments suggested, if any, were allowed or disallowed, will be dismissed on motion of said defendant in error and interpleader.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*H. C. Thurman, Judge.*

Action by the Oklahoma Auto Supply Company, a corporation, against A. E. Mathey and others, and H. A. Von Unworth, interpleader. Judgment for defendant Mathey and interpleader, and plaintiff brings error. Dismissed.

*Ed. Hirsh,* for plaintiff in error.

*J. F. Brett,* for defendant in error Mathey and interpleader Von Unworth.

PER CURIAM. This was an action of replevin brought in a justice court, and from there appealed to the superior court of Muskogee county. At the trial,

after plaintiff had introduced its evidence, defendant Mathey and the interpleader, Von Unworth, demurred thereto, which demurrer was sustained. Motion for a new trial being overruled, plaintiff brings error to this court.

Motion to dismiss the proceeding in error has been filed, one of the grounds thereof being that no notice for the settlement of the case-made was served upon Mathey and Von Unworth, and that such notice had not been waived. An examination of the case-made supports the motion, for it does not appear that such notice of settlement of case-made was served; nor that the suggestion of amendment requested by said Mathey and Von Unworth was incorporated into the case-made, nor that they were present, either in person or by counsel, at the settlement of said case-made. The appeal being by case-made, because of plaintiff in error's failure to comply with the statutory provisions as to service thereof, it must be dismissed. *Ft. Smith & W. R. Co. v. State Nat. Bank,* 25 Okla. 128, 105 Pac. 647; *Wood v. Jones,* 32 Okla. 640, 122 Pac. 678; *Brown v. Marks,* 45 Okla. 711, 146 Pac. 707; *Foral v. Bogle,* 44 Okla. 805, 146 Pac. 706; *Comanche Mercantile Co. v. Northwestern Knitting Co.,* 54 Okla. ——, 153 Pac. 1158.