## KANSAS NAT. BANK OF WICHITA, KAN., v. GOODNER-HORNE CO. et al.

No. 7921—Opinion Filed Jan. 2, 1917.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 772.)

**1. Appeal and Error—Parties—Necessary Parties.**

Every party to an action in the trial court whose rights may be affected by the reversal or modification of a judgment appealed from is a necessary party in the appellate court.

**2. Appeal and Error—Time for Perfecting Appeal.**

Proceedings in error to this court must be commenced within six months from the date of the rendition in the trial court of the order or judgment from which appeal is sought to be taken.

**3. Appeal and Error—Perfection of Appeal— Service of Summons.**

Proceedings in error are commenced in this court as to any party defendant when a praecipe for summons is duly filed with the clerk of the court before the expiration of six months allowed by law in which to appeal, or, in case publication service is proper, when the affidavit for publication service is filed within such time provided that the service of summons or the first publication is made within 60 days thereafter.

**4. Same.**

The action shall be deemed commenced as to each defendant at the date the summons is served on him or on a codefendant who is a joint contractor or otherwise united in interest with him, but unless the defendants to be served are joint contractors or otherwise united in interest, service must be had upon each of said defendants who are necessary parties to the appeal, unless such service of summons is waived or general appearance made in this court before the expiration of the time allowed by law.

**5. Same—Perfection of Writ of Error— Service on Garnishee.**

A garnishee is not necessarily united in interest with the principal defendant in the case, but generally holds the position of a mere stakeholder having no interest one way or the other in the result of the suit. The fact that it is the duty of the garnishee to disclose to the court such information as he may have concerning the status or title of funds or property in his possession, and in some cases to present to the court reason in behalf of defendant why the funds should not be taken, does not, of itself, cause the garnishee to be united in interest with the principal defendant.

### 6. Same—Summons—Affidavit.

An averment in the affidavit for publication service "that the corporation has no officer or agent in the state of Oklahoma upon whom service of summons can be had or made" is a statement of fact, and not a conclusion.

(Syllabus by Stewart, C.)

Error from County Court, Pittsburg County; S. F. Brown, Judge.

Action by the Goodner-Horne Company, a corporation, against the Strong Produce Company, in which the American National Bank of McAlester was garnished and the Kansas National Bank intervened. There was a judgment for plaintiff, and the intervener brings error. Dismissed.

Andrews & Liedtke, for plaintiff in error.

Horton & Smith, for defendant in error Goodner-Horne Co.

Fuller & Porter, for defendant in error American Nat. Bank.

Opinion by STEWART, C. The Goodner-Horne Company brought action in the county court of Pittsburg county against the Strong Produce Company to recover damages for breach of contract for failing to deliver two cars of potatoes. The American National Bank of McAlester was made garnishee, it being alleged that the Strong Produce Company was a foreign corporation and a nonresident of the state of Oklahoma. Service by publication was had upon the Strong Produce Company, and the American National Bank, as garnishee, was served with garnishment summons. The American National Bank, garnishee, answered, claiming to have $408 in its hands belonging either to the Strong Produce Company or to the Kansas National Bank of Wichita, Kan. Afterwards the Kansas National Bank of Wichita intervened in the action claiming to be the owner of said sum of $408. Judgment was rendered in favor of the plaintiff, Goodner-Horne Company, on its cause of action and against the Kansas National Bank upon its claim of ownership of said funds, it being held by the court that such fund belonged to the Strong Produce Company, and it being ordered and adjudged that the claim of plaintiff be paid out of said fund.

The Kansas National Bank filed a motion for a new trial, which was overruled June 28, 1915, and thereafter on the 18th day of December, 1915, the intervener filed its petition in error in this court. The defendant in error, Goodner-Horne Company, has filed a motion to dismiss the appeal for the reason that no praecipe for summons in error or affidavit for publication in error was filed, and no summons in error issued or affidavit for publication in error was made within six months from the date of the overruling of the motion for a new trial as to the Strong Produce Company, and no attempt was made within said time to make service upon the Strong Produce Company, and that the said Strong Produce Company is not a joint contractor or otherwise united in interest with any other codefendant in said action.

From an examination of the record and files in this case, we find that the grounds urged for dismissal of the appeal are true. It is well established by the decisions of this court that on appeal all parties to a judgment which is sought to be reversed, whose interest will be affected by a reversal of the judgment, must either join in the proceedings in error or be made parties defendant and be brought into this court by service of summons within the statutory time, and when said service is not made and they do not voluntarily appear within said statutory time, the appeal will be dismissed. Steele et al. v. Million et al., 49 Okla. 728, 155 Pac. 495; Powell et al. v. First State Bank of Clinton, 56 Okla. 44, 155 Pac. 500; Durant et al. v. Munford, 38 Okla. 552, 134 Pac. 50; School Dist. v. Fisher, 23 Okla. 9, 99 Pac. 646; Weisbender v. School Dist., 24 Okla. 173, 103 Pac. 639; Wedd v. Gates, 15 Okla. 602, 82 Pac. 808; Oberly et al. v. Harris et al., 63 Okla. 258, 143 Pac. 663. In Powell v. First State Bank of Clinton, supra, it is said in the syllabus:

"Section 4824, Rev. Laws Okla. 1910, Ann., provides that 'upon the filing of such affidavit a garnishee summons shall be issued by the clerk and served upon the defendant or his attorney of record, and each of the garnishees, in the manner provided for service of summons, and shall be returned with proof of service in five days.' Held, that under this section of statute, the principal defendant is a necessary party to the garnishment proceedings in the lower court, and also a necessary party on appeal to this court."

It is also stated in the syllabus that:

"One whose rights may be affected by a reversal or modification of a judgment appealed from is a necessary party in the appellate court."

It is well established in this jurisdiction that an appeal must be perfected within six months after the rendition of the judgment or final order complained of.

It is provided in section 4659, Rev. Laws 1910, that:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a co-defendant, who

is a joint contractor or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."

The decision in Manes v. Hoss, 28 Okla. 489, 114 Pac. 698, was rendered in a case appealed when our statutes allowed 12 months for appeal instead of six months, as at present, otherwise the law being same as now. The court says:

"Judgment was rendered in the court below on December 18, 1909. Petition in error and case-made were filed in this court on the 17th day of December, 1910. There was no waiver of summons, and no praecipe therefor was filed and issuance of summons had until the 21st day of December, 1910. The judgment in the court below was upon the pleadings. Not only must a petition in error and case-made or transcript be filed in this court within one year from the rendition of the judgment appealed from, * * * but there must be filed within said time a praecipe for summons and summons issued, unless the same be waived."

If a praecipe for summons or a proper affidavit for publication service is filed within six months, the plaintiff in error has 60 days within which to complete the service, but in the case at bar there has been no praecipe filed for summons, and no affidavit for publication service was filed until after the expiration of six months from the overruling of motion for a new trial in the court below.

It is urged, however, by the plaintiff in error that the American National Bank of McAlester, garnishee, waived service of summons in error within the time required by law, and is a codefendant of the Strong Produce Company and united in interest with said defendant. We fail to see where the garnishee in an action of this kind is united in interest with the principal defendant. The position of garnishee is merely that of a stakeholder; the garnishee is not supposed to be interested one way or the other as to the disposition of the funds or property involved in the garnishment proceedings. It is true that it is the duty of the garnishee to give the court such information as the garnishee has concerning the status or the title of the funds or property in his possession, and in some cases it is proper for the garnishee to show that the funds are exempt, or disclose other reasons why the funds should not be taken, if the garnishee has such knowl-

edge. Good faith imposes this duty upon the garnishee, but because this duty may sometimes fall upon the garnishee, it does not necessarily follow that the garnishee is in any wise united in interest with the defendant in the case.

But the plaintiff in error suggests that unless the defendant the Strong Produce Company was duly served in the court below, the Strong Produce Company was not a party to the proceedings in the court below, and hence is not a necessary party here, it being the further contention of the plaintiff in error that the Strong Produce Company was not duly served by publication service in the court below, in that the affidavit for such publication service is defective and not sufficient to confer jurisdiction on the court below to render judgment against the property of the Strong Produce Company.

The plaintiff in error makes objection to that part of the affidavit for publication which reads as follows:

"That said defendant is a foreign corporation and a nonresident of the state of Oklahoma, and has no officer or agent in the state of Oklahoma upon whom service of summons can be had or made, and that service of summons cannot be made on said defendant by the exercise of due diligence within the state of Oklahoma; that the said defendant has money or property due and owing from the American National Bank of McAlester, Okla., which the defendant has garnisheed in this action, and that plaintiff wishes to obtain service on the defendant by publication."

We do not pass in this case upon the question of whether or not the plaintiff in error can raise this objection, but, conceding for the purpose of the instant case that he can, we will now consider such objection. Section 4722, Rev. Laws 1910, enumerates the cases in which publication service may be had. Among such cases being—

"actions brought against a nonresident of the state, or a foreign corporation, having in this state property or debts owing them, sought to be taken by any of the provisional remedies, or to be appropriated in any way."

The plaintiff complains that the affidavit for publication is insufficient, in that it does not state facts showing that due diligence was used by the plaintiff below to obtain service upon the Strong Produce Company, and that there are no facts stated in the affidavit showing that with due diligence the plaintiff was unable to obtain such service. In Ballew v. Young et al., 24 Okla. 182, 103 Pac. 623, 23 L. R. A. (N. S.) 1084, it is said by Justice Hayes that:

"Where it is stated, in an affidavit to obtain service by publication, that a defendant is a nonresident of the state, and service can-

not be had upon him within the state, and such affidavit is otherwise sufficient, it is not void or voidable because facts are not stated therein showing that plaintiff, by the use of due diligence, was unable to make service of summons upon the defendant."

The plaintiff in error cites Nicoll et ux. v. Midland Savings & Loan Company, 21 Okla. 591, 96 Pac. 744, an authority in support of the insufficiency of the affidavit for publication in the case at bar. In that case Chief Justice Williams construed an affidavit containing the following averments:

"C. K. Nicoll on his oath says that he is one of the plaintiffs in the above-entitled action, and that the defendant is a foreign corporation, and is a nonresident of the territory of Oklahoma, and has not complied with the laws by designating a person on whom to serve process in Noble county, Okla. T., and has no office or place of business in said county, and that these plaintiffs with the exercise of due diligence are unable to procure service of summons on the said defendant within the territory of Oklahoma."

The court in that case held that the affidavit was insufficient, the substance of the court's holding being that it did not appear from the affidavit that service of summons could not be had within the territory of Oklahoma, it only appearing that service of summons could not be had in Noble county. In our opinion an affidavit for publication which shows that the defendant is a nonresident or a foreign corporation, and also alleges facts from which it may be fairly inferred that service cannot be had upon the defendant within the state, is sufficient in so far as that part of the required affidavit is concerned. In the case at bar the plaintiff alleges:

"That the defendant is a foreign corporation and a nonresident of the state of Oklahoma, and has no officer or agent in the state of Oklahoma upon whom service of summons can be had or made."

Service upon a corporation can only be had by serving some officer or agent of the corporation, and an allegation which clearly states that the corporation has no officer or agent in the state of Oklahoma upon whom service of summons can be had is sufficient, and it would not add any force to the affidavit to make such allegations any more specific. In our opinion the allegation that "the corporation has no officer or agent in the state upon whom service of summons can be had or made" is a statement of fact and not a conclusion. The plaintiff in error calls our attention to section 2, c. 26, Session Laws of 1910-11, which provides:

"Any foreign corporation, doing business in the state of Oklahoma, having failed either to appoint an agent upon whom service of summons or other process may be had, or failed to file in the office of the secretary of state a duly authenticated copy of its articles of incorporation or charter, or having failed to pay the license fee as required by law, then in the event of said foreign corporation having failed to comply with any of the provisions of the law as above referred to, any person now or hereafter having any cause of action against any foreign corporation may file suit against said foreign corporation in any county in the state and service of summons or any process upon the secretary of state shall be sufficient to give jurisdiction of the person to any court in this state having jurisdiction of the subject-matter."

It is strongly contended that in view of the foregoing statute the defendant could not avail itself of the right to make publication service in this case, but plaintiff in error overlooks section 4 of said chapter, which provides:

"This act is intended to be cumulative and in addition to any other law heretofore passed on the same subject, and shall not repeal any law on this subject."

We may add, further, that section 2, c. 26, supra, provides for service upon a foreign corporation doing business in the state of Oklahoma. In the case at bar it appears that the foreign corporation is not doing business in the state of Oklahoma, but was doing business in the state of Kansas. It was not necessary for the plaintiff to attempt service on the defendant Strong Produce Company, under section 2, c. 26, supra, nor was it necessary to make any averments in the affidavit for publication concerning any attempt to obtain service under said section.

We are of the opinion that the affidavit for publication service in the case at bar was sufficient, and that the lower court had jurisdiction to render judgment in the garnishment proceedings, and that the Strong Produce Company was duly served by publication service and a party to the proceedings below, and also a necessary party to the proceedings in this court. Not having been served in this court in time required by law, and, not having waived such service, or made an appearance, this court is therefore without jurisdiction to entertain the appeal.

The appeal should be dismissed.

By the Court: It is so ordered.