## OKLAHOMA STATE BANK OF CUSHING v. WAITE et al.

No. 10911—Opinion Filed March 27 1923.

(Syllabus.)

**Garnishment—Necessity for Serving Summons on Defendant.**

Section 4824, Rev. Laws 1910, which require service of the garnishee summons upon the defendant in the action, is mandatory, and where judgment is rendered in a garnishment proceeding without service of the garnishee summons upon the defendant, and the defendant makes no appearance in said proceeding, such judgment is void for want of jurisdiction of the court to render it.

Error from District Court, Payne County; Arthur R. Swank, Judge.

Action by Oklahoma State Bank of Cushing against the Universal Oil & Gas Company as defendant, and Cimarron Valley Bank of Coyle as garnishee. W. S. Waite and others made parties defendant on motion of plaintiff, and from a judgment in their favor, plaintiff has appealed. Reversed and remanded.

Thos. A. Higgins and Sylvester J. Berton, for plaintiff in error.

Chester H. Lowry and Brown Moore, for defendants in error.

NICHOLSON, J. This was an action by the plaintiff in error, as plaintiff below, against the Universal Oil & Gas Company, defendant, and the Cimarron Valley Bank of Coyle, as garnishee, to recover from the defendant the sum of $4,500 and accrued interest upon two promissory notes executed and delivered by the defendant to the First National Bank of Cushing, and by it sold, indorsed, and delivered to the plaintiff, and seeking to subject certain funds in the hands of the garnishee, which it was alleged belonged to the defendant, to the payment of plaintiff's claim.

The garnishee filed answer in which it was averred that it was in no manner indebted to the defendant, and that it had in its possession or under its control no property, effects, or credits of any description belonging to the defendant. It further averred that on the 22nd day of July, 1916, there was deposited with it a certain contract between the defendant and one G. T. Ridpath, which contract was set out in the answer, and which provided, in substance, that the Universal Oil & Gas Company agreed to drill a well on a block of leases containing 4,000 acres in territory known as the Goodnight district, to a depth of 3,000 feet, unless oil or gas should be found in paying quantities at a lesser depth, and agreed to place in the Cimarron Valley Bank of Coyle a sum equal to $1 per acre for all lands leased to it, to guarantee the performance of said contract, and providing that in the event of a breach of the terms of the contract on its part said sum should be paid to the lessors as a forfeit; that at the same time there was deposited with the garnishee by the defendant the sum of $4,000 to guarantee performance of the terms of said contract; that said sum still remained on deposit; that the defendant has wholly failed to keep and perform the condition of said contract and that said Ridpath has demanded payment of said sum to him as liquidated damages for the breach of said contract by the defendant.

Afterwards, on motion of the plaintiff, the defendants in error, being 35 in number, and the lessors in said oil and gas leases, were made parties defendant. These defendants answered, claiming the funds in the hands of the garnishee under the terms of the contract. The defendant failed to answer in the cause, and on February 3, 1919, judgment was rendered against it by default, and the trial of the issues between the plaintiff and the other defendants was continued to a future date. Afterwards, the plaintiff filed its motion for judgment on the pleadings; this motion was by the court overruled, and the plaintiff elected to stand on said motion, whereupon judgment was rendered against it and in favor of the answering defendants, the garnishee was ordered to pay the funds in its hands into court, and the court clerk was directed to distribute the same to the various defendants in the amount due each according to their answer. From this judgment the plaintiff has appealed, and for reversal urges that, inasmuch as the contract relied upon by the defendants provides for a forfeiture of the $4,000 placed in escrow in the Cimarron Valley Bank, said contract is

void under the provisions of sections 975 and 976, Rev. Laws 1910, and that plaintiff was entitled to subject said funds to the payment of its judgment.

In the light of the record, it is unnecessary for us to determine the validity or invalidity of the contract, for the reason that the trial court was without jurisdiction of the garnishment proceedings. The record fails to show that the garnishee summons was served upon the defendant Universal Oil & Gas Company or its attorney of record, as required by section 4824, Rev. Laws 1910, and said defendant made no appearance in said cause.

In State National Bank of Shawnee v. Wood & Co., No. 10544, decided April 4, 1922, it was held that section 4824, supra, requiring the garnishee summons to be served upon the defendant was mandatory, and where the plaintiff seeks by garnishment proceedings to reach debts owing to a defendant, the court could not acquire jurisdiction so as to subject such indebtedness to the claim of the plaintiff without a strict compliance with the statutory provisions. To the same effect are State National Bank v. Lowenstein, 52 Okla. 259, 155 Pac. 1127; Powell v. First State Bank of Clinton, 56 Okla. 44, 155 Pac. 500.

It follows that the judgment rendered in the garnishment proceedings was void for want of jurisdiction of the trial court to render the same; therefore the judgment is reversed, and the cause remanded for further proceedings consistent with the views herein expressed.

JOHNSON, C. J., and KENNAMER, COCHRAN, and BRANSON, JJ., concur. McNEILL, J., dissents.