## W. P. SCOTT v. STATE.

No. A-528.   Opinion Filed January 5, 1911.

1. **APPEAL—Time of Taking—Extension.** When the time fixed by statute or designated by the court for taking an appeal has expired, the court or judge has no power thereafter to extend the same.

2. **APPEAL—Case-Made—Settlement—Judges.** A case-made cannot be settled and signed by a judge who did not try the case.

(Syllabus by the Court.)

*Appeal from County Court, Washita County; J. A. Duff, Special Judge.*

W. P. Scott was convicted of a misdemeanor, and he appeals. Appeal dismissed.

*Burnette & Beets,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE.   This cause was tried by a special judge, and judgment was rendered on October 27, 1909. No extension of the time for serving a case and for taking the appeal was requested and none was made at that time; but on November 6, 1909, the court made an order giving plaintiff in error 50 days to make and serve a case, the county attorney 10 days to suggest amendments thereto, and requiring that the same be settled and signed within five days thereafter. The time for taking the appeal was not extended. On December 27, 1909, plaintiff in error applied to L. R. Shean, the regular judge of the county court, for an extension of time in which to file his petition in

4 Cr.—42

error and case-made in this court, alleging that on December 24, 1909, within the time theretofore fixed by the court, he had attempted to present his case to the regular judge for settlement and signing, but on account of the absence of said judge from his office it was impossible to have the same settled and signed within the time fixed. Thereupon, on December 27, 1909, the regular judge made an order extending the time for filing the petition in error and case-made in this court to January 7, 1910. The regular judge, L. R. Shean, settled and signed the case-made, stating in his certificate, which is dated December 24, 1909, that it contains a true and correct statement of all the evidence, findings and proceedings had in said cause. It was not settled and signed by the special judge who tried the cause. The appeal was filed in this court on January 6, 1910.

The appeal must be dismissed for two reasons. The court not having extended the time within which the appeal could be taken before the expiration of the statutory period, under section 6948 of Snyder's Comp. L. Okla., requiring appeals in misdemeanor cases to be taken within 60 days after rendition of judgment unless the time be extended, it was imperative that the appeal be filed in this court within 60 days from October 27, 1909; and said 60 days expired on December 26, 1909. After the same had expired, the court or judge could not on December 27, 1909, extend the time for taking the appeal. In the next place the case-made is not certified by the judge who tried the cause. The regular judge of the county court, who did not try the case, could not officially know, and had no power to certify to this court, what the evidence and proceedings in said cause were. It was necessary that the case-made be settled and signed by the special judge who tried the cause.

The appeal is therefore dismissed, and a mandate will issue directing the county court of Washita county to enforce its judgment herein.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.