## T. S. WILCOX v. STATE.

No. A-2926.    Opinion Filed January 25, 1919.

(177 Pac. 924.)

1.  **APPEAL AND ERROR—Case-Made—Validity.** A case-made must be settled and signed by the judge who tried the case, and where a case was tried by one judge, and the case-made is signed and settled by another, and no showing is made as to inability of the trial judge to do so, such case-made is a nullity.

2.  **SAME.** Where the appeal is attempted to be taken by case-made alone, and such case-made is a nullity, because not settled and signed according to law, upon proper motion by the state, such case-made will be stricken, and the appeal dismissed.

*Appeal from District Court, Greer County;*
*R. W. Higgins, Assigned Judge.*

T. S. Wilcox was convicted of crime, and he appeals. Appeal dismissed.

*J. Q. A. Harrod,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. In this case the Attorney General has filed the following motion to strike the case-made and dismiss the appeal:

"Comes now S. P. Freeling, Attorney General, by R. McMillan, Assistant Attorney General, and moves the court to strike the pretended case-made in the above-entitled case from the docket of the court, and to dismiss the attempted appeal herein, for the following reasons:

"Because the record shows: That the trial of this case was had before and judgment rendered by R. W. Higgins, the regular judge of the Fourth judicial district of the state of Oklahoma, who was specially assigned by the Supreme Court to hold a term of the district court in Greer county, Oklahoma, at the time that this said case was tried in said district court. That under and by virtue of section 5244, Rev. Laws 1910, it was and became the duty of the said R. W. Higgins, trial judge, to certify, sign, and settle the case-made upon appeal in this case. But the record shows (pages 345, 346) that the said case-made was certified to, signed, and settled by T. P. Clay, the regular judge of the Eighteenth judicial district of the state of Oklahoma, of which district Greer county forms a part, and it does not appear from said case-made that the said R. W. Higgins, judge presiding at the trial, had died between the time of trial and the certifying to said case-made, or that the said R. W. Higgins was out of office or absent from the state of Oklahoma, or for any other reason unable to sign and settle said case-made on the 3d day of February, 1917, the day said case-made was certified to, signed, and settled. And the Attorney General contends that by reason of the provisions of section 5245, Rev. Laws 1910, some of the causes above enumerated must have existed before any other than the trial judge is permitted to sign and settle case-made in a criminal cause, and the Attorney General further contends that the pretended case-made in this case was never certified to, signed, and settled according to law, and that the pretended case-made filed on appeal herein is no case-made

at all, and that this court has no jurisdiction to entertain the attempted appeal herein, because the same is attempted to be taken wholly by case-made with petition in error attached, and there is no proper authenticated transcript of the record made by the court clerk of Greer county, Oklahoma.

"Wherefore the Attorney General prays that the said pretended case-made herein be stricken from the docket of this court, and that the attempted appeal be dismissed for want of jurisdiction by this court to entertain the same."

The plaintiff in error, in response to the motion, admits the allegations of the same, but attempts to avoid a dismissal of this appeal because of the mistake of the court reporter in having the wrong judge certify to the case-made, and also because it is contended that the court clerk of Greer county certified to a transcript of the record for appeal and attached same to the case-made, and delivered same to the defendant for the purpose of filing the same in this case, and that said appeal should not be dismissed, because the defendant has meritorious grounds for a reversal of the judgment, and apparent injustice will be occasioned by reason of the dismissal of this appeal.

An examination of the record shows that the motion of the Attorney General to dismiss is well taken. This is an appeal by case-made, and not by transcript. Although it is contended in behalf of the plaintiff in error that a transcript of the record was prepared and certified to by the court clerk of Greer county, the county in which this case was tried, and delivered to the defendant for the purpose of filing same in this court, such a transcript was not filed in this court, and the purported case-made certified to by a judge who did not try the cause, without a proper showing of the inability of the trial judge to certify to

the same, is a nullity. Nothing has been filed in this court, therefore, to confer jurisdiction upon the court to hear and determine this cause upon its merits. The only jurisdiction the court has under the circumstances is to dismiss the appeal. Sections 5244 and 5245, Rev. Laws 1910; *Town of Guymon v. Triplett,* 177 Pac. 570, not yet officially reported; *Brown v. Marks,* 45 Okla. 711, 146 Pac. 707; *Scott v. State,* 4 Okla. Cr. 657.

The appeal is dismissed.

DOYLE, P. J., and ARMSTRONG, J., concur.