## KIRBY LYDE v. STATE.

No. A-3566. Opinion Filed Feb. 17, 1920.

Rehearing Denied April 13, 1920.

(187 Pac. 252.)

(Syllabus.)

1. **APPEAL AND ERROR— Case-made — Settlement — Judges.** A case-made must be settled and signed by the judge who tried the case; and, where a case was tried by one judge, and the case-made is signed and settled by another, and no showing is made as to inability of the trial judge to do so, such case-made is a nullity.

2. **SAME—Case-Made a Nullity—Dismissal.** Where the appeal is attempted to be taken by case-made alone, and such case-made is a nullity, because not settled and signed according to law, upon proper motion by the state, such case-made will be stricken, and the appeal dismissed.

*Appeal from District Court, Love County;*

*W. F. Freeman, Judge.*

Kirby Lyde was convicted of rape, and he appeals. Appeal dismissed.

*Graham & Logsdon,* and *Geo. H. Clup,* for plaintiff in error.

*W. C. Hall,* Asst. Atty. Gen., and *T. B. Wilkins,* County Atty., for the State.

DOYLE, P. J. Plaintiff in error, Kirby Lyde, was convicted of rape in the first degree, and in accordance with a verdict of the jury was sentenced to a term of 15 years' imprisonment in the state penitentiary. An appeal from the judgment of conviction was attempted to be taken by filing in this court a petition in error with case-made.

Counsel for the state have filed a duly certified motion to dismiss the appeal, which, omitting the title and verification, is as follows:

"Comes now the defendant in error and moves the court to dismiss the appeal herein for the reason the Court of Criminal Appeals has no jurisdiction to hear and determine the issues in this case, as it appears and is shown in the case-made herein that said case was tried in Love county before Hon. W. F. Freeman, district judge, and that he extended the time for making and settling said case-made for 90 days, and that before the expiration of said 90 days, the term of the said Hon. W. F. Freeman expired, and that Hon. Thomas W. Champion was elected, as said district judge, and that he signed and settled said case-made.

"Defendant in error alleges that said Hon. W. F. Freeman is now and has been in the city of Ardmore, Okla., ever since the trial of this case. Defendant in error alleges that under sections 5244 and 5245 of Revised Laws 1910 and the following decisions construing said sections the case-made is void. See *Upton v. American Trust Co.,* 31 Okla. 456 [122 Pac. 159]; *Chandler v. State,* 3 Okla. Cr. 254 [105 Pac. 375, 107 Pac. 735]; *Scott v. State,* 4 Okla. Cr. 657 [112 Pac. 763]; *J. W. Ripey & Son v. Art Wall Paper Mill,* 27 Okla. 600 [112 Pac. 1119]; *Hess. v. Harrah,* 28 Okla. 627 [115 Pac. 790]. Wherefore defendant in error prays this appeal be dismissed."

Plaintiff in response to the motion admits the allegations therein, but states "that the appeal in this case is meritorious and presents substantial errors, especially as to the manner of selecting the trial jury and in the instructions of the court; that this plaintiff in error should be awarded a new trial in order that he may have a fair trial."

An examination of the record discloses that the case was tried before W. F. Freeman, district judge, who over-

ruled the motion for a new trial, and on November 29, 1918, rendered the judgment appealed from. The case-made does not contain a certificate of the court clerk to the transcript of the record proper, and is only authenticated by the following certificate:

"I hereby allow, certify, and sign and settle the same as the true and correct case-made in said cause, and hereby order that the clerk of this court attest the same with his name and seal of this court, and file same as of record, as provided by law.

"Witness my hand this the 31 day of March, 1919.

"THOS. W CHAMPION, District Judge.

"Attest:                        W. L. RICHARDS, Court Clerk."

Section 5244, Rev. Laws 1910, provides:

"The court or judge may, upon good cause being shown, extend the time for making a case and the time in which the case may be served; and may also direct notice to be given at the time when a case may be presented for settlement after the same has been made and served, and amendments suggested, which when so made and presented shall be settled, certified and signed by the judge who tried the cause; and the case so settled and made shall thereupon be filed with the papers in the cause; and in all causes heretofore or hereafter tried, when the term of office of the trial judge shall have expired, or may hereafter expire before the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired; and if no amendments are suggested by the opposing party, as above provided, said case shall be taken as true and containing a full record of the cause and certified accordingly."

Section 5245 (*Id.*) provides:

"If, after final judgment in any civil or criminal case, the judge who presides at the hearing of said cause, or

any part thereof, or in any of the proceedings therein, shall die, or be out of office and absent from the state, or unable to settle the case, the successor of said judge shall settle, sign and certify the case-made in said cause, or such part thereof as was presided over by such deceased or absent judge, and make all other necessary orders therein to enable the party to perfect the record for the appellate court; and to that end may, upon reasonable notice or appearance of the parties, hear evidence for the purpose of determining any disputed matter of fact in relation to the proceedings in such cause."

In the case of *Wilcox v. State,* 15 Okla. Cr. 453, 177 Pac. 924, construing the foregoing sections, it is held:

"The case-made must be settled and signed by the judge who tried the case, and where case was tried by one judge, and the case-made is signed and settled by another, and no showing is made as to inability of the trial judge to do so, such case-made is a nullity."

And further held:

"Where the appeal is attempted to be taken by case-made alone, and such case-made is a nullity, because not settled and signed according to law, upon proper motion by the state, such case-made will be stricken, and the appeal dismissed."

In the absence of a certificate by the court clerk to the transcript of the record proper, and the purported case-made having been certified by a judge who did not try the case without proper showing of the inability of the trial judge to settle, sign, and certify the same, such purported case-made is a nullity. It follows that nothing has been filed in this case to confer jurisdiction upon the court to review the case upon appeal. The appeal herein is therefore dismissed.

ARMSTRONG and MATSON, JJ., concur.