WILLIE BUTLER v. STATE.

No. A-3856.   Opinion Filed Dec. 9, 1922.
Rehearing Denied Feb. 29, 1924.
(223 Pac. 193.)

(Syllabus.)

1.  **Appeal and Error—Case-Made Signed by One Other Than Trial Judge Nullity,** A case-made must be settled and signed by the judge who tried the case, and where a case was tried by one judge, and the case-made is signed and settled by another, and no showing is made as to inability of the trial judge to do so, such case-made is a nullity.

2.  **Same—Appeal Considered on Properly Certified Transcript.** Where the case-made is not properly signed and settled, and is stricken for that reason, and the record includes a properly certified transcript, the appeal will be considered on the transcript.

3.  **Same—Presumption that Accused not Convicted Wholly on Circumstantial Evidence, and Instruction Thereon Was not Necessary.** When, on appeal by transcript only, it is contended that the trial court erred in not giving an instruction covering the law of circumstantial evidence, the presumption will be indulged that the evidence upon which defendant was convicted was not wholly circumstantial; this for the reason that the burden is upon an appellant to properly bring before this court enough of the proceedings in the trial court to permit us to pass safely and intelligently upon the questions presented.

Appeal from District Court, Johnston County; George S. March, Judge.

Willie Butler was convicted of grand larceny, and he appeals. Affirmed.

Cornelius Hardy, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Johnston county, wherein plaintiff in error, Willie Butler, hereinafter referred to as defendant, was convicted of the crime of grand larceny, and sentenced ito serve one year's imprisonment in the state penitentiary.

This appeal was attempted to be taken by the filing in this court of a purported case-made, as well as a certified transcript of the record proper, attached to the petition in error. Upon examination of the case-made, we find that this cause was tried by Hon. George S. March, judge of the Sixth judicial district of this state, who was assigned by the Chief Justice of the Supreme Court to sit in Johnston county, in the Twenty-Sixth judicial district, and that the said assigned judge, during the time of such assignment, tried this case. The purported case-made is signed and settled by Hon. J. H. Linebaugh, the regular judge of the Twenty-Sixth judicial district, who took no part in the trial.

Section 2814, Compiled Statutes 1921, in part provides:

"Instead of the appeal hereinbefore provided for, any party desiring to appeal to the Criminal Court of Appeals in any criminal case may proceed by case-made and petition in error in all respects and with all the rights as provided in 'Procedure, Civil.' "

Sections 787 and 788, Compiled Statutes 1921, civil procedure relative to the settlement of the case-made, are as follows:

"The court or judge may, upon good cause shown, extend the time for making a case and the time in which the case may be served; and may also direct notice to be given of the

time when a case may be presented for settlement after the same has been made and served, and amendments suggested, which when so made and presented shall be settled, certified and signed by the judge who tried the cause; and in all causes heretofore or hereafter tried, when the term of office of the trial judge shall have expired, or may hereafter expire before the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired; and if no amendments are suggested by the opposing party, as above provided, said case shall be taken as true and containing a full record of the cause and certified accordingly.

"If, after final judgment in any civil or criminal case, the judge who presided at the hearing and trial of said cause, or any part thereof, or in any of the proceedings therein, shall die, or be out of office and absent from the state, or unable to settle the case, the successor of said judge shall settle, sign and certify the case-made in said cause, or such part thereof as was presided over by such deceased or absent judge, and make all other necessary orders therein to enable the party to perfect the record for the appellate court; and to that end may, upon reasonable notice or appearance of the parties, hear evidence for the purpose of determining any disputed matter of fact in relation to the proceedings in such cause."

This court had occasion to construe the foregoing statutory provisions in the case of Wilcox v. State, 15 Okla. Cr. 453, 177 Pac. 924, and held:

"A case-made must be settled and signed by the judge who tried the case, and where a case was tried by one judge, and the case-made is signed and settled by another, and no showing is made as to inability of the trial judge to do so, such case-made is a nullity."

See, also, Lyde v. State, 17 Okla. Cr. 365, 187 Pac. 252.

No showing is made as to the inability of the trial judge to sign and settle this case-made. The case-made, therefore, is a nullity, and this court has no jurisdiction to consider the

appeal as other than an appeal by certified transcript of the record. We will proceed to treat the various assignments of error from that standpoint.

The record proper includes the following (section 2777, Compiled Statutes 1921):

"First. The indictment and a copy of the minutes of the plea or demurrer.

"Second. A copy of the minutes of the trial.

"Third. The charges given or refused, and the indorsements, if any, thereon; and,

"Fourth. A copy of the judgment."

It is first contended that the trial court erred in overruling defendant's application for a continuance. Said motion and application form no part of the record proper, and cannot be considered in this appeal.

It is also contended that the trial court erred in refusing to give an instruction on circumstantial evidence. Had the evidence been wholly circumstantial, it would have been error for the trial court to refuse to give an instruction properly covering the law of circumstantial evidence; but, had the evidence not been wholly circumstantial, the refusal to give such an instruction would not have been erroneous. As there is no properly settled case-made before this court, we cannot safely and intelligently pass upon this question on a transcript of the record only. The presumption will be indulged, in the absence of a proper showing to the contrary, that the evidence upon which defendant was convicted was not wholly circumstantial.

Certain alleged errors in the admission and rejection of evidence, and concerning alleged misconduct on the part of the trial judge during the progress of the trial and in the re-

ception of the verdict, are questions that cannot be considered where the appeal is by transcript only.

The judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.