RILEY PRESTON v. STATE.

No. A-6100.   Opinion Filed Aug. 4, 1928.
(269 Pac. 507.)

Whiteside & Snodgrass, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

PER CURIAM.   The plaintiff in error, who for brevity will be referred to as defendant, was convicted in the county court of Jackson county on a charge of having the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $150 and to serve 50 days in the county jail.

The appeal seeks to raise the question that the conviction was procured by evidence obtained by an illegal search warrant.   An examination of the record discloses that the certificate of the trial judge is not attested by the clerk, as required by the provisions of section 785, Comp. St. 1921.   This court has several times held that this provision of the law is mandatory, and unless the case-made is attested by the clerk it is not properly before this court.   Lewis v. State, 3 Okla. Cr. 448, 106 P. 647; Humphrey v. State, 3 Okla. Cr. 504, 106 P. 978, 139 Am. St. Rep. 972.   The record contains a certificate of the clerk and the case-made is sufficient as a transcript.   Butler v.

State, 22 Okla. Cr. 241, 223 P. 193; Tracy v. State, 24 Okla. Cr. 144, 216 P. 941.

An appeal by transcript raises only those questions appearing on the face of the record proper. The testimony is not before the court. Section 2777, Comp. St. 1921; Jenkins v. State, 11 Okla. Cr. 168, 145 P. 500. Considered as a transcript, no material error is made to appear.

The case is affirmed.