WILLIAM M. INGERSOLL, *et al.*, v. G. W. W. YATES.

CASE-MADE; *When Trial Judge Had no Legal Power to Settle and Sign Same.* A case was heard and judgment rendered therein against the defendant by Judge B., and on the same day the defendant filed a motion for a new trial. Afterward, and more than three days thereafter, Judge B.'s term of office expired, and Judge S. became his successor. Afterward, Judge S. heard and overruled said motion for a new trial, and then gave the defendant ten days within which to make and serve a case for the supreme court. The case was duly made and served, and was afterward settled and signed, over the objections of the plaintiff, by Judge B. *Held,* 1. That Judge B., at the time of settling and signing said case, had no legal power or authority to so settle or sign the same. 2. That the time for making and serving a case, to enable the supreme court to review the rulings of the district court down to the rendering of said judgment, and prior to and independent of said ruling upon the motion for a new trial, expired in just three days after said judgment was rendered, (Code, § 548, as amended, Laws of 1871, p. 274,) as the time for making and serving such case was not extended by the court or judge, under § 549 of the code. (Amended § 549, Laws 1870, p. 168.) 3. That Judge S. alone had the power to settle and sign a case to enable the supreme court to review his ruling upon the motion for a new trial.

*Error from Douglas District Court.*

ACTION on administrator's bond, brought by *G. W. W. Yates* against *William M. Ingersoll,* as principal in said bond, and *Caroline A. Ingersoll* and *William A. Simpson,* as sureties therein. The district court, at October Term, 1876, gave judgment in favor of plaintiff, and defendants bring the case here.

*Nevison & Alford,* for plaintiffs in error:

The defendant in error objects that the case was not properly settled, in that the trial judge, (his term of office having expired before the hearing of the motion for a new trial by the present judge,) was not the proper person to settle the case. It is clear that the term of office of the trial judge expired before the time fixed for making the case; and this is the case provided for by § 1, of ch. 85, Laws of 1870, p. 168. (*M. K. & T. Rly. Co. v. City of Fort Scott,* 15 Kas. 476.)

The foregoing case also, we think, disposes of the objections of defendant that the case was not signed in time.

The case was made and served in time, and was immediately presented for settlement, and not presented for settlement March 21st, as defendant says. The judge retained the case in his possession the intervening time, for the purpose of examining and settling the same.

*B. J. Horton,* for defendant in error:

There is no case properly in the supreme court. There was no power in Judge Bassett to settle and sign the case, his term of office having expired before the hearing of the motion for a new trial — the motion for a new trial having been heard, and the time for making a case having been fixed, by Judge Stephens, his successor in office. The provision of the law of 1870 (Laws of 1870, p. 168) refers to and includes causes only in which the time for making a case has been fixed by the outgoing judge, and does not include those in which such time has been fixed by his successor in office.

"Fixed," in this section, is in the past tense, and refers to a time prior to the expiration of the term of the trial judge, and refers the time of fixing to a time antecedent to the expiration of the term of the trial judge. The reading of the section contended for, by the other side, would be as follows: When the term of office of the trial judge may hereafter expire before the time that may be thereafter fixed by his successor in office, it shall be his duty to sign, settle, etc., as if his term had not expired. To say the least of it, a most singular mode of expression. The plain meaning of this section includes cases only where the trial judge has fixed the time for making a case, and his term of office has expired before the time so fixed by him.

The exceptions in this case are not to any errors committed by Judge Bassett, but to the alleged error on the part of Judge Stephens in overruling the motion for a new trial. And I do not think that a case can be found in the books, where, for the purpose of raising questions of error alleged to have been committed by one judge, a bill of exceptions or case has been settled or signed by his predecessor, then out of office. In this case the record shows that the cause was tried some twenty days before the expiration of the term of the trial judge, and at the same October term of court the motion for new trial was heard before the new judge. No one has an absolute right to have his cause heard in the supreme court. He has such right only when given by the clear and plain meaning of the statute.

The case was not settled in time. The time for making a case, and serving amendments thereto, expired on the 4th day of March, and the case was presented for settlement and settled on the 21st day of March. Where there is no order fixing the time for presenting the case for settlement, the case should be settled immediately after the service of the amendments, while the facts are fresh in the mind of the judge.

The opinion of the court was delivered by .

VALENTINE, J.: The petition in error in this case is founded upon what purports to be a case-made for the supreme court, and not upon a certified transcript of the proceedings of the court below. From this "case-made," it appears that the judgment sought to be reversed was rendered on December 20, 1876, by Hon. Owen A. Bassett, judge of the district court in and for Douglas county. On the same day, the defendants below, plaintiffs in error, against whom the judgment was rendered, filed a motion for a new trial. These were the last proceedings had in the case before Judge Bassett, while he was judge. In January, 1877, his term of office as judge of the district court expired, and Hon. N. T. Stephens became his successor. On February 19, 1877, said motion for a new trial was heard by Judge Stephens, and was by him overruled. Judge Stephens then gave to the defendants ten days within which to make and serve a case for the supreme court. The case was properly made, and was duly served on the adverse party on February 26, 1877, and on March 21, 1877, it was settled and signed, over the objections of the adverse party, by Judge Bassett. It was never settled or signed by Judge Stephens.

The first question necessary to be considered in this case is, whether said "case-made" was properly settled or not; for if it was not properly settled, then it will not be necessary to consider any of the other questions discussed by counsel.

We think that Judge Bassett had no legal power or authority, at the time he settled and signed said case, to settle or sign the same. The time for him to do so had long before that time passed. The judgment was rendered December 20, 1876. The time for making and serving a case to enable the supreme court to review the rulings of the district court down to the rendering of said judgment, and prior to and independent of any ruling upon the motion for a new trial, was limited by law to only three days after the rendition of the judgment. (Code, § 543, as amended, Laws of 1871,

p. 274.) Unless the judge of the district court for good cause shown extended the time. (Code, § 549, as amended, Laws of 1870, p. 168.) The time was not extended within the three days. It was never extended by Judge Bassett, unless it should be construed that by settling and signing said case on March 21, 1877, when he was not a judge, he extended the time. And it was never extended by Judge Stephens, for his order extending the time to make a case was simply an order extending the time to make a case to review his own order overruling said motion for a new trial. Besides, it has already been decided by this court (the writer of this opinion however dissenting) that no judge has power to extend the time for making a case after the time fixed by law, and by any order of the court or judge, has once elapsed. (*The City of Great Bend v. Brinkman,* not reported.) The statute under which it is supposed that a judge whose term of office has expired has power still to settle and sign a "case-made" has no application to the present case. Said statute reads as follows: "And in all cases heretofore or hereafter tried when the term of office of the trial judge shall have expired or may hereafter expire *before the time fixed* for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired." (Code, § 549, as amended, Laws of 1870, p. 168.) The judge's term of office in the present case did not "expire before the time fixed for making or settling and signing a case." The time fixed by law for making a case was within three days after the judgment was rendered, or on December 20th to 23d, 1876. No case was made within that time, and no other time was ever fixed for settling or signing any such case. But the judge's term of office did not expire for several days after December 23, 1876. It would have been entirely proper for Judge Stephens, after he overruled said motion for a new trial, and after he fixed the time within which to make and serve the case for the supreme court to review that ruling, to have settled and signed such case himself. Such a case would have enabled this court to

review Judge Stephens's decision upon the motion for a new trial. And if Judge Stephens had himself settled and signed such a case, we could then by means of such case review every question involved in the motion for a new trial, every question raised by it. But Judge Stephens did not settle or sign the case. We suppose it will hardly be claimed that Judge Bassett could settle and sign a case so as to give to this court the power to review Judge Stephens's decisions. We suppose it will hardly be claimed that Judge Bassett could settle and sign a case so as to give to this court the power to know legally what Judge Stephens's decisions were. After Judge Bassett's term of office had expired, he had no power to make a record of any of the proceedings of the district court, except. possibly a record of some of the proceedings that were had while he was the judge of the court. Therefore, under any circumstances, we must consider that that portion of the present case which shows that Judge Stephens overruled said' motion for a new trial and extended the time for making a. case, is a nullity. And if we consider that portion of the case as a nullity, and the rest of the case as valid, we must then affirm the judgment of the court below; for if we should consider the motion for a new trial as still pending and undisposed of in the court below, we could hardly say that any material and substantial error was committed in this case. Errors for which a new trial may be granted are generally not available in the supreme court until after a new trial has been refused by the district court. (*Nesbit v. Hines,* 17 Kas. 316.) But in the present case we must consider the whole of the case-made as a nullity, for the reasons already given, and therefore the present case must be dismissed.

All the Justices concurring.