# HESS v. HARRAH.

No. 884. Opinion Filed May 9, 1911.

(115 Pac. 790.)

1. **APPEAL AND ERROR—Case-Made—Settlement—Death of Judge.** Section 6075, Comp. Laws, Okla. 1909 (section 4742, Wilson's Rev. & Ann. Stat. 1903; section 4445, Stat. of Okla. 1893) does not authorize the successor in office of a district judge, where a vacancy is occasioned by death, to sign and settle a case-made in a cause tried by his predecessor, when such trial was had prior to the passage of the act of March 9, 1910 (Sess. Laws 1910, c. 39.)

2. **SAME—Disposition of Cause—Remand for New Trial.** Under the law in force at the date of the trial in the lower court, the successor of the district judge who presided at the trial of said cause, and who subsequently died, not being authorized to sign and settle the case-made, and no other party by law being so authorized, if the defendant was thereby, without fault on his part, deprived of his right to present a complete appeal to this court, he would be entitled to a new trial.

    (a) But the question sought to be reviewed on appeal in this case could have been, presented by means of a transcript.

    (b) A case-made not being essential, the plaintiff in error cannot be said to be without fault, and for that reason he is not entitled to have the cause remanded for a new trial.

    (Syllabus by the Court.)

*Error from District Court, Oklahoma County; Jos. G. Lowe, Judge.*

Action by Frank Harrah against William Hess. Judgment for plaintiff, and defendant brings error. Dismissed.

*W^m. Mumford* and *D. B. Welty,* for plaintiff in error.
*Everest, Smith & Campbell,* for defendant in error.

WILLIAMS, J.   The defendant in error, as plaintiff, on the
25th day of March, 1907, commenced his action in ejectment
against Benjamin C. Sykes, as defendant, for the recovery of lot
No. 13, in block 5, in South Oklahoma addition to Oklahoma
City.   The defendant William Hess, on his own motion, inter-
vened and was substituted as party defendant.   On the 3d day
of June, 1908, a demurrer was sustained to his said interplea,
and judgment was rendered on the pleadings in favor of the
plaintiff, at which time the court granted the defendant 120 days
within which to make and serve case-made, and 10 days for the
suggesting of amendments; the same to be signed and settled on
5 days' notice.   On the 28th day of September, 1908, an addi-
tional extension of time for settling and signing the case-made
was granted.   During that interval the trial judge died.   The
case-made was signed in such time by his successor.

Under the law in force at the date of the trial in the lower
court, the judge who presided having died after the completion of
the trial and within the time allowed by him for the signing and
settling of the case-made, but before the same had been signed
and settled, his successor was not authorized to sign and settle
the same.   The defendant being without fault on his part, there-
by being deprived of his right to present a complete appeal to
this court, he is entitled to a new trial.   *J. W. Ripey & Son v.
Art Wall Paper Mill,* 27 Okla. 600, 112 Pac. 119; *Tegeler v.
State,* 3 Okla. Cr. 596, 107 Pac. 949.

This trial was had prior to the passage of the act of 1910
(Sess. Laws 1910, p. 59) ; also the case-made was signed and set-
tled prior to that time.   But the question here sought to be re-
viewed could have been brought up by means of a transcript, as
the action of the court in the sustaining of a demurrer may be
reviewed on the record without a case-made.   The plaintiff in
error not having elected to bring up the record by transcript, but

by way of a case-made, which is invalid, is not free from fault, and therefore does not come within the rule of the foregoing cases.

The appeal is therefore dismissed.

All the Justices concur.