BROWN v. MARKS *et al.*

No. 7109. Opinion Filed February 23, 1915.

(146 Pac. 707.)

1. **APPEAL AND ERROR—Settlement of Case-Made—Validity.** Where defendant in error was not present in person or by counsel, and did not suggest amendments to the case-made, and no notice of the time and place thereof was served or

waived, the case-made is void, and confers no jurisdiction upon the Supreme Court.

2.    APPEAL AND ERROR—Case-made—Notice of Settlement—Requisites. The notice of the settlement of a case-made should be in writing, and shall specify the time and place when same will be presented to the judge for settlement and signature.

3.    APPEAL AND ERROR—Settlement of Case-Made—Notice. The judge who settles the case-made cannot dispense with the necessity of the notice of time and place of settlement by making an order that the case-made be settled on a certain date without further notice.

4.    · APPEAL AND ERROR—Case-Made—Settlement—Validity. A case-made signed and settled by the successor of the judge who tried the case, in the absence of a showing as to the inability of the trial judge so to do, is a nullity.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*

*Farrar L. McCain and H. C. Thurman, Judges.*

Action between Sally Brown, *nee Vann,* an incompetent, by W. B. Newton, her guardian, and C. K. Marks and another. From the judgment, the party first mentioned, brings error. Dismissed.

*W. Scott Brown, Jr.,* and *Jay A. Anderson,* for plaintiff in error.

*William T. Hutchings,* for defendants in error.

HARDY, J.   The trial in the court below was had before Hon. Farrar L. McCain, judge of the superior court of Muskogee county.   Motion for a new trial was filed, and overruled by him, and extensions of time granted in which to prepare and serve case-made. · On November 18, 1914, Hon. H. C. Thurman, his successor as judge of the superior court of Muskogee county, granted an extension of time in which to prepare and serve case-made.   The case-made was served on the 13th day of January, 1915; and on the 15th day of January, 1915, after service there-

of, the court upon motion of counsel for plaintiff in error, made an order requiring the defendants in error to suggest amendments not later than the 18th ·of January, 1915, and requiring that case-made to be settled on January 20, 1915, without further notice.

Defendants in error file motion to dismiss, for the reason that no notice of the time and place of settlement of said case-made was given. We think this contention must be sustained. There are numerous decisions of this court to the effect that, where it does not ·appear from the record or otherwise that defendant in error was present, either in person or by counsel, at the settling of case-made, nor that notice of the time and place thereof was waived, the case is a nullity, and no jurisdiction is vested in this court to decide any question arising therefrom. *Harrison v. Penny,* 28 Okla. 523, 114 Pac. 734; *Ft. Smith & W. R. Co. v. State Nat. Bank,* 25 Okla. 128, 105 Pac. 647; *First Nat. Bank v. Daniels,* 26 Okla. 383, 108 Pac. 748; *Cooper. v. Chapman.* 26 Okla. 600, ·110 Pac. 722; *Lister v. Williams,* 28 Okla. 302, 114 Pac. 255; *Cobb v. Hancock,* 31 Okla. 42, 119 Pac. 627; *Thompson v. Fulton,* 29 Okla. 700, 119 Pac. 244; *Wood v. Jones,* 32 Okla. 640, 122 Pac. 678.

It is urged, however, by counsel for plaintiff in error that the order of the trial court, made on the 15th day of January, 1915, shortening the time in which to suggest amendments, and requiring the case-made to be settled on January 20, 1915, without any further notice, obviates the necessity of giving this notice. With this contention we cannot agree. In *Jones v. Balsley & Rogers,* 25 Okla. 344, 106 Pac. 830, 138 Am. St. Rep. 921, it was held by inference that the statute contemplated that notice of the time and place of settlement of case-made should be given in writing to the opposite party. While the statute does not in express terms require the notice to be given in writing, we are of the opinion that the general statutes requiring notice of mo-

tions to be written should apply to this case (section 5312, Rev. Laws 1910), and therefore hold that it was necessary for the party seeking to have the case-made settled to give notice, in writing, to the adverse party of the time and place of such settlement; and that it means more than the mere order of the court, as in this case, requiring that same be settled at or within a given time. To hold that the action of the court in arbitrarily fixing a day certain for the settlement of the case-made without any further notice obviates the necessity of giving such notice would nullify the provisions of the statute and overrule all the previous decisions of this court.

Another reason exists why the case-made should be stricken from the files, and that is that the case was tried before Hon. Farrar L. McCain, who passed upon the motion for a new trial and granted extensions of time in which to prepare and serve the case-made, and same was settled by Hon. H. C. Thurman, his successor as judge of the superior court of Muskogee county, and no showing is made as to the inability of Judge McCain to sign and settle said case-made. Under this state of facts the purported case-made, settled by the successor to the trial judge, in the absence of such showing, is a nullity, and confers no jurisdiction upon this court. Rev. Laws 1910, sec. 5244; *Upton v. Am. Trust Co.,* 31 Okla. 456, 122 Pac. 159; *Ripey v. Art Wall Paper Mill,* 27 Okla. 600, 112 Pac. 1119; *Hess v. Harrah,* 28 Okla. 627, 115 Pac. 790; *Harrison v. Penny,* 28 Okla. 523, 114 Pac. 734.

A certificate of the clerk, in accordance with the rules for certifying transcripts, is appended to the transcript of the record in this case; and, did the petition in error present any assignments that could properly be considered on transcript, the motion to dismiss would be overruled, and the case retained for examination of any errors that might be apparent on the face of the transcript; but an examination of the petition in error shows that it presents no question that might be considered upon transcript, and that all

the errors assigned would necessitate an examination of the evidence and the instructions of the court, which are not before us. Therefore the motion to dismiss is sustained.

All the Justices concur.