**BABER et al. v. OVERTON.**

No. 10548—Opinion Filed Jan. 8, 1921.

(Syllabus by the Court.)

**Appeal and Error—Case-Made—Settlement—Judges.**

A case-made signed and settled by the successor of the judge who tried the case, in the absence of a showing as to the inability of the trial judge so to do, is a nullity.

Error from Superior Court, Tulsa County; M. A. Breckenridge and L. J. Martin, Judges.

Action between C. H. Overton and W. J. Baber and others. From the judgment, the latter bring error. Dismissed.

Shell S. Bassett, for plaintiffs in error.

Luther James, for defendant in error.

HARRISON, J. Defendant in error filed a motion to dismissed this appeal for the reason that the judge who tried the case below did not sign and settle the case-made for appeal here, but the purported case-made filed in this court was signed and settled by another judge.

Said motion was filed November 9th upon due notice, and no response has been made to such motion.

It appears from the record that the case was tried by Hon. M A. Breckenridge, and final judgment rendered November 13, 1918; that thereafter, on March 27, 1919, the case-made was signed and settled by Hon. L. J. Martin, successor to Hon. M. A. Breckenridge; the certificate attached to the case-made by the Hon. L. J. Martin being as follows:

"I, the undersigned judge of the superior court of Tulsa county, state of Oklahoma, successor to M. A. Breckenridge, trial judge in this case, hereby certify," etc.

From what appears from the record, and in the absence of any showing as to the inability of the trial judge to sign and settle the case-made, said case-made, having been signed and settled by the successor of the judge who tried the case, in the absence of a showing as to the inability of the trial judge so to do, is a nullity, following Brown v. Marks, 45 Okla. 711, 146 Pac. 707.

The motion to dismiss is sustained and the appeal dismissed.

RAINEY, C. J., and KANE, PITCHFORD. JOHNSON, McNEILL, HIGGINS, and BAILEY, JJ., concur; COLLIER, J., dissents.