## MITCHELL v. BRUCE.

No. 10655—Opinion Filed Feb. 7, 1922.

(Syllabus.)

**Appeal and Error—Case-Made—Validity of Settlement—Judges.**

A case-made signed and settled by the successor of the judge who tried the case, in the absence of a showing as to the inability of the trial judge so to do, is a nullity.

Error from District Court, Osage County; R. B. Boone, Judge.

Action by Joseph D. Mitchell against Elsie M. Bruce. Judgment for defendant, and plaintiff brings error. Dismissed.

Arthur Fitzpatrick, for plaintiff in error.

Leahy, Macdonald, Burnette & Files, for defendant in error.

NICHOLSON, J. This case is presented on the motion of the defendant in error to strike the case-made from the files and dismiss the appeal for the reason that said case-made was not settled and signed by the judge who tried said cause.

It appears that the case was tried by Hon. R. B. Boone, judge of the district court of the 24th judicial district, and judgment rendered by him, and motion for new trial was by him overruled on January 11, 1919, at which time the plaintiff was granted 60 days within which to make and serve case-made. On March 24, 1919, the case-made was settled and signed by Hon. Preston A. Shinn, successor to Hon. R. B. Boone. That part of the certificate to the case-made which it is necessary to notice is as follows:

"I further certify that R. B. Boone, the former judge of the above court and district and before whom the above case was tried and the motion for a new trial heard, is not the acting judge of said court and district at this time, but that his office as such judge expired in January, 1919, and that I succeeded him as judge in said court and district."

Section 5245, Rev. Laws 1910, provides that if the judge who presided at the trial of a cause, shall die, or be out of office and absent from the state, or unable to settle the case, his successor shall settle, sign, and certify the case-made. There is nothing in the record indicating that the judge who tried the cause was absent from the state or unable to settle said case-made, but from his affidavit which is filed by the defendant in error in support of her motion, it appears that he was, at the time said case-made was settled and signed, in Bartlesville, Okla., and able to sign and settle the same.

It has been repeatedly held by this court that a case-made signed and settled by the successor of the judge who tried the case, in the absence of a showing as to the inability of the trial judge so to do, is a nullity. Baber v. Overton, 80 Okla. 128 194 Pac. 893; Incorporated Town of Guymon v. Triplett, 71 Oklahoma, 177 Pac. 570; Brown v. Marks, 45 Okla. 711, 146 Pac. 707.

The motion to dismiss is sustained, and the appeal dismissed.

PITCHFORD, V. C. J., and JOHNSON McNEILL, and ELTING, JJ., concur.