**BAHM-BIERY OIL CORPORATION et al. v. ERWIN.**

No. 12531—Opinion Filed Nov. 28, 1922.

(Syllabus.)

**Appeal and Error—Case-Made—Authority of Judge to Sign and Settle.**

A purported case-made, which is signed and settled by a judge other than the judge who tried the case, in the absence of a showing of the inability of the trial judge to sign and settle the same, is ineffective as a case-made and confers no jurisdiction upon this court to review any of the proceedings of the trial court.

Error from District Court, Stephens County; Will Linn, Judge.

Action between the Bahm-Biery Oil Corporation and Abe Yates and C. R. Erwin. From the judgment, the former bring error. Appeal dismissed.

J. P. Speer, Womack & Brown, and H. B. Lockett, for plaintiffs in error.

J. B. Wilkinson, for defendant in error.

McNEILL, J. Defendant in error filed a motion to dismiss this appeal for the reason the judge who tried the case below did not sign and settle the case-made, but the purported case-made filed in this court was signed and settled by another judge. Said motion was filed October 3, 1922, and no response has been made to said motion.

Section 5244, Rev. Laws 1910, provides, in substance, that the case-made shall be signed and settled by the judge who tried the case. Section 5245, Rev. Laws 1910, provides when some other judge may sign and settle the case-made.

This court has announced, in substance: In the absence of any showing of the inability of the trial judge to sign and settle case-made, a case-made signed by a judge other than the judge who tried the case is ineffective as a case-made, and confers no jurisdiction upon this court to review any of the proceedings of the trial court. See Brown v. Marks, 45 Okla. 711, 146 Pac. 707; Baber v. Overton, 80 Okla. 128, 194 Pac. 893; Hall v. Phoenix Ins. Co., 82 Okla. 158, 198 Pac. 999.

The motion to dismiss is sustained, and the appeal dismissed.

JOHNSON, KANE, MILLER, KENNAMER, and NICHOLSON, JJ., concur.