This case was tried in the district court of Pottawatomie county, before John L. Coffman, district judge, and judgment was rendered for defendant in error. The plaintiff in error has prosecuted his appeal to this court and has attached to his petition in error a case-made which was settled and signed by C.A. Knight, who is designated as special judge. It appears that the case-made was presented for settlement to the judge who tried the case and he refused to certify to the same unless certain additional matters were incorporated therein. The plaintiff in error thereupon filed an affidavit setting forth the matters in dispute and disqualifying the trial judge to determine the facts set forth in said affidavit, *Page 302 
as provided for in section 5249, Rev. Laws 1910 (section 792, Comp. Stat. 1921). C.A. Knight was elected special judge to hear the evidence and make the order with reference to the facts in dispute, which he did. After determining the matters in dispute, the said C.A. Knight proceeded to settle the case-made, and same was never settled and allowed by the judge who tried the case.
A case-made must be settled and signed by the judge who tried the case, and when the case was tried by one judge and case-made is signed and settled by another, and no showing is made as to the inability of the trial judge to do so by reason of any of the provisions of sec. 5245, Rev. Laws 1910, such case-made is a nullity. Section 5249, Rev. Laws 1910 (section 792, Comp. Stat. 1921), is as follows:
"In case the trial judge shall refuse to include any statement of a case-made which a party thereto, or his attorney, contends is correct, such party, or his attorney, may file in said court an affidavit setting forth the matters in dispute and the fact that the trial judge has refused to include such facts in the case-made, and thereupon said judge shall be disqualified to determine the facts set forth in said affidavit, and a special judge shall be elected or appointed as in other cases of disqualification of the judge, who shall hear the evidence and make an order with reference to the facts in dispute, which order shall be included in the case-made, and shall constitute the facts recited in said order. In case the trial court is not in session and will not be in session in time to allow the completion of the case-made in time to file the same in the appellate court, the appellate court or any justice thereof may, upon notice and hearing, settle the facts in dispute and make the order to be included in the case-made."
It is is not contemplated that the special judge elected under the provisions of the statutes shall settle, sign, and certify the case-made in the place of the trial judge; but it is his duty to hear the evidence and make an order with reference to facts in dispute, which shall then be included in the case-made, which shall be settled and signed by the judge who tried the case. This statute is not broad enough to take away from the trial judge the right to settle and allow the case-made when some disputed question comes up which authorizes the election of a special judge to pass on such disputed question. By reason of the failure to have the case-made properly signed and settled, the same is a nullity, and appeal should be dismissed, and it is so ordered.
HARRISON, C. J., and KANE, JOHNSON, and NICHOLSON, JJ., concur.
 *Page 1