## ARKANSAS FERTILIZER CO. v. BRATTIN.

No. 18486. Opinion Filed Sept. 13, 1927.

Rehearing Denied Oct. 25, 1927.

(Syllabus.)

Appeal and Error—Case-made—Necessity for Settlement by Trial Judge.

A case-made signed and settled by the successor of the judge who tried the case, in the absence of a showing as to the inability of the trial judge so to do, is a nullity.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action between the Arkansas Fertilizer Company, doing business under the trade name and style of the Gate City Fertilizer Company and W. C. Brattin. Judgment for the latter, and the former appeals. Dismissed.

Theo. D. B Frear, for plaintiff in error.

Hall & Thompson, for defendant in error.

PER CURIAM. This cause is before the court on a motion of the defendant in error to strike the case-made from the files and dismiss the appeal in this action, for the reason that the case-made was settled and signed by a judge other than the judge who tried the cause without any showing being made that the trial judge was for any reason unable to settle the case.

An examination of the record discloses that this cause was tried by A. C. Brewster, and that the motion for new trial was overruled on the 31st day of December, 1926, and the case-made was settled and signed by Ad V. Coppedge on the 24th day of June, 1927. The further facts appear from the motion to dismiss and the response thereto that the term of office as district judge of A. C. Brewster had expired on the first Monday in January, 1927, and Ad V. Coppedge had become his successor in office, and was on June 24, 1927, judge of the district court of Craig county.

Under section 788, C. O. S. 1921, the successor of the judge who tried the cause may settle the case when the judge who presided in the trial of said cause shall have died, or be out of office and absent from the state, or unable to settle the case; otherwise under section 787, C. O. S. 1921, the case-made shall be settled, certified, and signed by the judge who tried the cause even though the term of office of the trial judge shall have expired.

In the case of Mitchell v. Bruce, 85 Okla. 53, 204 Pac. 281, this court said:

"It has been repeatedly held by this court that a case-made signed and settled by the successor of the judge who tried the case, in the absence of a showing as to the inability of the trial judge so to do, is a nullity. Baber v. Overton, 80 Okla. 128, 194 Pac. 893; Incorporated Town of Guymon v. Triplett, 71 Okla. 298, 177 Pac. 570; Brown v. Marks, 45 Okla. 711, 146 Pac. 707."

In the case before us there is no showing in the record that the judge who tried this cause was unable for any of the reasons set forth in section 788. supra. to settle and sign the case-made. The case-made is therefore a nullity and brings nothing to this court for review. The motion of the defendant in error is sustained and the appeal in said cause is hereby dismissed.

Note.—See 4 C. J. p. 364, §2021; p. 445, §2161.