**ABRAHAM et al. v. ROLAND OIL CO. et al.**

No. 18658.     Opinion Filed Nov. 1, 1927.

(Syllabus.)

**Appeal and Error—Case Made—Necessity for Settling and Signing by Trial Judge.**

Except as provided in section 788, C. O. S. 1921, a case-made must be settled and signed by the judge who tried the cause, and the stipulation of counsel that the case-made is correct will not do away with the necessity of such authentication.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action between Joe Abraham et al. and the Roland Oil Company et al. From judgment in favor of the latter, the former appeal. Dismissed.

Cheatham & Beaver, for plaintiffs in error.

Walker & Lewis, Thrift & Davenport, and W. C. Hodges, for defendants in error.

PER CURIAM. This is an attempt to appeal to this court from a judgment of the district court of Creek county by petition in error with purported case-made attached from a judgment of the trial court rendered on the 1st day of February, 1927, and wherein the motion for new trial was overruled on the 17th day of February, 1927. Notice of appeal was given in open court and time given in which to make and serve case-made. The case-made was served on June 10, 1927, and thereafter, on the 24th day of June, 1927, the parties to this appeal entered into a stipulation that the case-made was a true, correct, and complete transcript of the proceedings had, all the evidence offered and introduced, all the orders and rulings made and exceptions allowed, and all the record upon which the judgment and journal entry of the cause was made, and waived the right to suggest amendments and consented that the same might be settled immediately and without notice, and the parties joined in request that the judge of the trial court settle, sign, and certify the same. The case-made as filed in this court was never settled, signed, and certified by the trial judge. The defendants in error have filed herein their motion to dismiss for that reason.

"A purported case-made which has not been settled and signed by the judge who tried the case and attested by the clerk and filed with the papers of the case in the trial court is ineffective as a case-made and confers no jurisdiction upon this court to review, any of the proceedings of the trial court.

"A stenographer's report of the proceedings in the trial court which has not been signed and settled by the trial judge as a case-made nor attested by the clerk nor filed in the district court nor certified by the clerk of the trial court as a transcript, cannot be considered by this court either as a case-made or transcript. It is a nullity, and confers no jurisdiction upon this court to review the proceedings of the trial court." Hall v. Phoenix Ins. Co. et al., 82 Okla. 158, 198 Pac. 999; Oil Fields & S. F. R. Co. v. Wheeler, 75 Okla. 9, 180 Pac. 868; Upton v. American Trust Co., 31 Okla. 456, 122 Pac. 159.

The plaintiffs in error have responded to the motion to dismiss and urge that because the case-made contains a stipulation by attorneys in the case that the case-made contains all the pleadings, evidence, etc., and contains all things necessary to embrace in the certificate of the trial judge, that such stipulation does away with the necessity of such certificate. The plaintiffs in error have cited no authority in support of this contention, and we know of none. In the case of Hodgden et al. v. Commissioners of Elsworth County, 10 Kan. 637, the Supreme Court of the state of Kansas laid down the following rule:

"A case-made must be settled and signed by the judge who tried the cause; and the stipulation of counsel that the case is correct will not do away with the necessity of such authentication."

The Supreme Court of the state of Arizo-

na in the case of the City of Tombstone v. Reilly, 33 Pac. 823, laid down the following rule:

"Under Rev. St. par. 843, providing that if the parties or their attorneys agree upon a statement of facts on appeal they shall sign it, and submit it to the judge for his approval and signature, such approval and signature are indispensable, and in their absence a stipulation that the judge approved and signed the statement is insufficient to justify its consideration as part of the record."

And in the body of the opinion said:

"The trial court is so far interested in the matter that it should see the record presents to the Supreme Court the case as tried in the court below. * * * No agreement of counsel can take away the right, nor make it any less the duty, of the judge, under the statute, to approve and sign the statement, before it becomes a part of this record."

It will be observed that the Arizona statute is broader in its terms than the statute of this state as provided in sections 785 and 787, C. O. S. 1921. Section 787, supra, in so far as it applies to the question before us, provides for notice to be given of the time when a case may be presented for settlement after the same has been made, served, and amendments suggested, "which when so made and presented shall be settled, certified, and signed by the judge who tried the cause."

The plaintiffs in error urge that after the stipulation was entered into by the attorneys in this case they were unable to complete the case-made without any fault or negligence upon their part by having the said case-made signed by the trial judge and certified by the court clerk for the reason that after the 1st day of August, 1927, plaintiffs in error attempted diligently to have said case-made signed and settled by the trial judge, but that said judge had since the said first day of August been out of the state of Oklahoma and not within reach or available for signing said case-made. This record shows the stipulation was entered into on the 24th day of June and counsel by their statement say that the trial judge was absent after about the 1st day of August, 1927. We think that by the exercise of proper diligence the plaintiffs in error could have obtained the signature of the trial judge to the certificate and case-made, if the case-made presented had been correct, in the interim between June 24th and August 1st, and would thus have obviated the necessity of the diligent search for the trial judge after August 1, 1927.

In the purported record before us there is no certificate of the clerk of the trial court certifying to the same as a transcript, and by reason thereof the same cannot be considered as such. In the absence of the certificate of settlement of case-made signed by the trial judge and a certificate as a transcript by the clerk of the trial court, the purported record in this case presents nothing to this court for review, and the appeal is dismissed.

Note.—See 4 C. J. p. 443, §2156; anno. 30 A. L. R. 721; 2 R. C. L. p. 158; 5 R. C. L. Supp. p. 75.