## HARRELSON et al. v. BROWN et al.

No. 18474. Opinion Filed June 26, 1928.

(Syllabus.)

1. **Appeal and Error—Necessity for Case-Made to Be Signed and Settled by Trial Judge.**

A case-made signed and settled by the successor of the judge who tried the case, in the absence of a showing as to inability of the trial judge so to do, is a nullity.

2. **Same—Briefs—Waiver of Assignments of Error not Supported by Argument or Citation of Authorities.**

Where plaintiffs in error fail to set forth in their brief, as required by the rules of this court, argument or citation of authorities in support of any assignment of error, it will be deemed, as to such assignment, that they have waived the same.

Error from County Court, Lincoln County; J. S. Newby, Judge.

Action by Jack Brown and another against O. L. Harrelson and another. From the action of the trial court in rendering judgment for plaintiffs and in denying petition for new trial, defendants appeal. Dismissed.

Embry & Embry, for plaintiffs in error.

Courtland M. Feuquay, for defendants in error.

MASON, V. C. J. This cause was tried before a jury, judgment rendered, and motion for new trial overruled on December 29, 1926, in the county court of Lincoln county with the Honorable S. A. Cordell as presiding judge, whose term of office expired in January, 1927.

On February 23, 1927, plaintiffs in error, defendants below, filed petition for new trial in said cause under section 576, C. O. S. 1921, and the issues joined were tried before the Honorable J. S. Newby, successor in office to the said Cordell, and a new trial denied. The case-made was settled and signed by J. S. Newby and no showing is made in the record why the judge who tried said cause was unable for any reason to settle and sign the case-made.

There are seven assignments of error in the petition in error and only the sixth thereof is based upon the action of the court in denying the petition for new trial. All other assignments of error are based upon alleged errors occurring at the trial and in overruling the motion for new trial. The alleged errors occurring at the trial and in overruling the motion for new trial cannot be considered by this court for the reason that the case-made was not settled and signed by the judge who tried the cause. In the case of Arkansas Fertilizer Company v. Brattin, 127 Okla. 9, 260 Pac. 43, we held:

"A case-made signed and settled by the successor of the judge who tried the case, in the absence of a showing as to the inability of the trial judge so to do, is a nullity."

See, also, Mitchell v. Bruce, 85 Okla. 53, 204 Pac. 281; Baber v. Overton, 80 Okla. 128, 194 Pac. 893; Incorporated Town of Guyman v. Triplett, 71 Okla. 298, 177 Pac. 570; Brown v. Marks, 45 Okla. 711, 146 Pac. 707; Oil Fields Co. v. Wheeler, 75 Okla. 9, 180 Pac. 868.

The plaintiffs in error, in their brief, do not discuss the error set forth in assignment No. 6, but say they will conclude without discussing this assignment.

In Brigman v. Cheney, 27 Okla. 510, 112 Pac. 993, this court laid down the rule that:

"Where plaintiff in error fails to set forth in his brief, as required by Rule 25 (20 Okla. xlii), argument or citation of authorities in support of any assignment of error, it will be deemed, as to such assignment, that he has waived same."

See, also, Steger Lumber Co. v. Haynes et al. v., 42 Okla. 716, 142 Pac. 1031; Oklahoma City v. McMaster, 12 Okla. 570, 73 Pac. 1012; Hocker v. Rackley, 90 Okla. 83, 216 Pac. 151; Rourke v. Gerlach-Barklow Co., 104 Okla. 239, 230 Pac. 901; Henderson v. Todd, 91 Okla. 18, 215 Pac. 607.

Under these conditions, there is nothing before this court for review, and the appeal is dismissed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 4 C. J. p. §2021; anno. 42 L. R. A. (N. S.) 616; 30A. L. R. 721; 2 R. C. L. p. 159; 5 R. C. L. Supp. p. 75. (2) 3 C. J. p. 1428, §1591; p. 1431, §1583.