### THOMAS et al. v. MORGAN et al.

No. 18468. Opinion Filed Sept. 25, 1928.

(Syllabus.)

**1. Appeal and Error—Nullity of Case-Made Signed and Settled by Successor of Trial Judge.**

A case-made signed and settled by the successor of the judge who tried the case, in the absence of a showing as to be the inability of the trial judge so to do, is a nullity, and confers no jurisdiction over the subject-matter upon this court.

**2. Same—Necessity for Transcript to Contain Order Sought to be Reviewed.**

Where the transcript attached to the petition in error does not contain the order sought to be reviewed, no question is properly brought before this court for review.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by Martha L. Morgan et al. against Georgia Thomas et al. Judgment for plaintiffs, and defendants appeal. Dismissed.

William Blake and W. E. Nicklin, for plaintiffs in error.

R. A. Wilkerson and Langley & Langley, for defendants in error.

MASON, V. C. J. This proceeding was originally commenced by the defendants in error may be presented by transcript, but an board of county commissioners of Mayes county, for the purpose of having a roadway opened across certain lands belonging to the plaintiffs in error, Georgia Thomas and J. S. Thomas. From a judgment in favor of petitioners, the respondents appealed to the district court of Mayes county, where judgment was again rendered in favor of the petitioners and from which the respondents appeal to this court.

An examination of the record herein discloses that the cause was tried by Hon. A. C. Brewster, judge of the district court of

Mayes county, who subsequently denied the motion for new trial and made an order extending the time in which the unsuccessful parties could make and serve case-made. The case-made is settled and signed by Hon. Ad V. Coppedge, successor in office to the trial judge, certifying, settling, and signing the same as a true and correct case-made in the cause since the date he took the oath of office as successor to the trial judge. No showing is made as to the inability of the trial judge to settle and sign the same. The rule is well settled that a case-made signed and settled by the successor of the judge who tried the case, in the absence of a showing as to the inability of the trial judge so to do, is a nullity and confers no jurisdiction of the subject-matter upon this court. Brown v. Marks, 45 Okla. 711, 146 Pac. 707; Abraham v. Roland Oil Co., 127 Okla. 255, 260 Pac. 771; Arkansas Fertilizer Co. v. Brattin, 127 Okla. 9, 260 Pac. 43. This court is, therefore, without jurisdiction to review any of the errors presented by the case-made.

Plaintiffs in error assign as error of the trial court the overruling of the demurrer to the petition filed in this cause. This alleged error may be presented by transcript, but an examination of the record does not disclose that said demurrer was ever passed upon by the trial court and the record contains no order overruling said demurrer. Therefore, this question is not properly before this court for review. Kansas City, M. & O. Ry. Co. v. Fain, 34 Okla. 164, 124 Pac. 70; Schuck v. Moore, 48 Okla. 533, 150 Pac. 461; Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067.

For the above reasons, the appeal in this cause must be, and the same is hereby, dismissed.

HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 363, §2019; p. 364, §2021. (2) 4 C. J. p. 424, §2130.