## JERNIGAN et al. v. COMMERCE TRUST CO.

No. 18967.    Opinion Filed March 19, 1929.

V. V. Harris, for plaintiff in error.

F. H. Reily, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the superior court of Pottawatomie county in an action wherein the defendant in error was plaintiff and the plaintiffs in error were defendants. Parties are referred to herein as they appeared in the trial court.

The plaintiff filed its petition in the trial court to recover as against the defendants Jernigan upon a promissory note, and as against all the defendants herein to foreclose a mortgage on real estate executed for the purpose of securing payment of said note. The defendant M. W. Nation appeared in the trial court and filed her answer and cross-petition, to which the plaintiff demurred, and which demurrer was by the trial court sustained. The order sustaining the demurrer gave the defendant Nation 10 days to answer. Thereafter she filed her amended answer and cross-petition, to which cross-petition the plaintiff demurred, and which demurrer was by the trial court overruled. The plaintiff answered the amended cross-petition, and the cause was tried to the court and jury. The plaintiff introduced in evidence the note and mortgage sued on and rested his case. Upon the attempt of the defendant Nation to introduce evidence in support of her answer and cross-petition, the court sustained the objection of the plaintiff to the introduction of evidence in support of said answer and cross-petition on the grounds and for the reason that the answer and cross-petition did not state facts sufficient to warrant the relief prayed for, and upon motion of the plaintiff directed a verdict in favor of the plaintiff, which verdict was by the jury returned and judgment rendered by the court in favor of the plaintiff and against the defendants. The defendant M. W. Nation has filed in this court her petition in error with transcript attached asking a review of the action of the trial court. In the petition in error are presented ten specifications of error, only three of which may be presented by transcript.

Assignment of error No. 3, "That the court erred in rendering judgment in favor of the defendant in error and against the plaintiff in error on the pleadings in said cause," is not founded upon the record in this cause. The record presented shows clearly that judgment was rendered upon an instructed verdict of the jury and was not rendered upon the pleadings.

Assignment of error No. 4, "That the court erred in overruling the demurrer of the plaintiff in error to the petition of the defendant in error," may be reviewed upon transcript, but such assignment is not presented in plaintiff in error's brief and is not supported by argument or authorities, and where an assignment of error in a petition in error is not set forth in the brief and supported by argument or citation of authorities, the error of the court, if any, embracing such assignment is waived. Harrelson v. Brown, 131 Okla. 267, 268 Pac. 731, and cases therein cited.

Assignment of error No. 8, "That the court erred in sustaining the demurrer of the defendant in error to the answer and cross-petition of the plaintiff in error," was waived. An examination of the record discloses that after the demurrer to her answer and cross-petition was sustained, she filed an amended answer and cross-petition, and by the filing of the amended answer and cross-petition she waived the error committed by the trial court, if any, in sustaining the demurrer. Dixon v. National Bank of Commerce, 98 Okla. 181, 224 Pac. 307, and cases therein cited.

The remaining assignments of error, as embraced in the petition in error and set out in the brief, are such as can only be

reviewed by this court when presented by bill of exceptions or case-made.

"Appeals by certified transcript present only such errors as appear upon the face of the record, and such record consists of petition, answer, reply, demurrers, process, orders and judgments, and in order to present errors involving motions, affidavits, evidence, instructions and other preliminary proceedings, same must be brought into the record by bill of exceptions or case-made." Davis v. DeGeer, 91 Okla. 111, 216 Pac. 156. See, also, Stonebraker-Z Cattle Co. v. Hilton, 34 Okla. 225, 124 Pac. 162; Richardson v. Beidleman, 33 Okla. 463, 126 Pac. 818; United Fig & Date Co. v. Carroll, Brough, Robinson & Humphrey, 116 Okla. 82, 243 Pac. 211: Brigham v. Davis, 126 Okla. 90, 258 Pac. 740.

The only assignment of error presented in plaintiff in error's brief and supported by argument and authorities is that the court erred in sustaining the objection of the defendant in error to the introduction of any evidence by the plaintiff in error, and plaintiff in error insists in her brief that this may be presented on transcript. This action of the court occurred upon the trial of the cause, and after the plaintiff had introduced evidence and rested its cause, and such state of the record comes within the rule announced in Davis v. De Geer, supra, and the other cases cited herein on that question. The specific question is decided in the case of Golding et al. v. Eidson (Kan.) 43 Pac. 104, wherein the following rule is announced:

"The ruling of the trial court sustaining an objection to the introduction of evidence under the answer of the defendant, on the ground that it stated no defense, if erroneous, was error of law occurring at the trial,' for which a new trial could have been granted by the district court, and will be deemed waived, and not subject to review in this court. when motion for new trial is not made."

It being necessary to present this alleged error to the trial court for review on a motion for new trial, it is then brought within the rule that the error of the court in overruling the motion for new trial cannot be reviewed by this court on transcript. Brigham v. Davis, supra.

Observing the foregoing rules, there is nothing before this court for review in this cause, and upon motion of the defendant in error the appeal is dismissed.