## COLBURN et al. v. SNELL et al.

No. 20675. Opinion Filed April 29, 1930.

Rehearing Denied July 1, 1930.

Ellis A. Robinson and Quincy Jones, for plaintiffs in error.

Humphrey & Campbell, for defendants in error.

PER CURIAM. This cause was tried before R. D. Hudson, judge of the district court of Tulsa county, and judgment rendered therein on the 3rd day of January, 1929. The motion for new trial was duly filed on the 4th day of January, 1929, and thereafter and before the motion for new trial was passed upon the said R. D. Hudson resigned and vacated the office of district judge of said county, and Saul A. Yager was appointed successor in office to Judge Hudson and this cause was submitted to him for action upon the motion for new trial. After a review of the pleadings, a transcript of the evidence and of the judgment, Judge Yager, on the 4th day of March, 1929, denied the motion for new trial, and the cause was appealed to this court. The case-made attached to the petition in error and filed in this cause was settled and signed by Judge Hudson, who presided at the trial of the cause and rendered judgment therein.

The cause is now before the court on a motion of the defendants in error to dismiss the appeal on the grounds the case-made is a nullity for the reason Judge Hudson, who settled and signed the same, was without authority to settle and sign the case-made.

Section 787, C. O. S. 1921, provides that the case-made shall be settled and signed by the judge who tried the cause, "and in all causes heretofore, or hereafter tried, when the term of office of the trial judge shall have expired or may hereafter expire before the time fixed for the making, settling, and signing of a case, it shall be his duty to certify, sign, and settle the case in all respect as if his term had not expired." At the time Judge Hudson vacated his office the motion for new trial had not been passed upon, nor had any time been fixed to make, serve, and settle the case-made. In Ingersoll v. Yates, 21 Kan. 90, the Supreme Court of the state of Kansas, in construing the Kansas law from which section 787, supra, is taken, said:

"The provision of the law * * * refers to and includes causes only in which the time for making the case has been fixed by the outgoing judge, and does not include those in which such time has been fixed by his successor in office. 'Fixed,' in this section, is in the past tense, and refers to a time prior to the expiration of the term of the trial judge, and refers the time of fixing to a time antecedent to the expiration of the term of the trial judge. * * * The plain meaning of this section includes cases only where the trial judge has fixed the time for making the case and his term of office has expired before the time so fixed by him."

See Burnett v. Davis, 27 Okla. 124, 111

Pac. 191; St. Louis & San Francisco Ry. Co. v. Corser (Kan.) 3 Pac. 569; Barnes v. Lynch, 9 Okla. 11, 59 Pac. 995.

By this section of the statute it is contemplated that all proceedings sought to be reviewed and all the proceedings necessary to enable this court to review the cause up to and including that state of the proceedings shall have been reached when the time allowed by law or valid order of the court in which to make the case begins to run and then the term of office of the trial judge expires, the judge who tried the cause shall settle the case-made. This section then has no application to the condition of the record before us, for the reason that at the time Judge Hudson vacated the office the motion for new trial had not been passed upon, nor had the time in which to serve case-made begun to run.

This cause was tried upon the issues presented by the pleadings filed in the trial court and it was necessary to present the alleged errors of the trial court by a motion for new trial and have the motion passed upon in order to have the cause reviewed by this court (Duncan v. Duncan, 129 Okla. 125, 263 Pac. 1083; Buchanan v. Fant, 110 Okla. 206, 238 Pac. 962; Malleck v. Thomas, 109 Okla. 95, 234 Pac. 1107; Eastwood v. Clinkscales, 82 Okla. 52, 197 Pac. 455) ; and it is necessary to enable this court to review alleged errors of the trial court occurring during the trial that the case-made include the order of the trial court overruling the motion for new trial. Section 784, C. O. S. 1921. Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067; City of Tulsa v. Kay, 124 Okla. 243, 255 Pac. 684; Brigham v. Davis, 126 Okla. 90, 258 Pac. 740. It cannot successfully be contended that Judge Hudson could legally certify to any decision or order of the district court made after he ceased to be judge thereof, and therefore that portion of the record presented by the case-made showing the action of Judge Yager in overruling the motion for new trial and extending the time for making the case-made is a nullity. Ingersoll v. Yates, supra. And since this court will not consider the errors alleged to have occurred during the trial without the order overruling the motion for new trial being presented, we must therefore consider the entire record presented by case-made is a nullity.

The plaintiffs in error urge that Judge Yager was not authorized in any event to settle the case-made, and that if the settlement of the case-made by Judge Hudson is insufficient to authenticate the case-made, then there was no legal way under the statute of this state for the case-made to be settled and the plaintiffs in error are entitled as a matter of right to a new trial, and cite in support thereof the cases of Brown v. Marks, 45 Okla. 711, 146 Pac. 707; Baber v. Overton, 80 Okla. 128, 194 Pac. 893; Mitchell v. Bruce, 85 Okla. 53, 204 Pac. 281; Bahm-Biery Oil Corporation v. Erwin, 87 Okla. 295, 210 Pac. 1021; In re Cook's Will, 88 Okla. 301, 213 Pac. 78; Arkansas Fertilizer Co. v. Brattin, 127 Okla. 9, 260 Pac. 43; Harrelson v. Brown, 131 Okla. 267, 268 Pac. 731; Thomas v. Morgan, 132 Okla. 297, 270 Pac. 562. We have examined these cases, and find that in the cases of Brown v. Marks, Mitchell v. Bruce, Arkansas Fertilizer v. Brattin, Harrelson v. Brown, and Thomas v. Morgan, supra, the opinion filed in each of these cases shows the motion for new trial to have been passed upon by the judge who presided at the trial, and in the cases of Baber v. Overton and Bahm-Biery Oil Co. v. Erwin, supra, an examination of the record filed in this court shows a like condition as to the overruling of the motion for new trial. In Re Cook's Will, supra, the case-made was settled and signed by a special judge selected to determine a question of fact arising upon the settlement of the case-made and wherein the court held that the statute authorizing the selection of the special judge for such purpose did not authorize him to settle the case-made.

Section 788, C. O. S. 1921, in so far as is necessary to determine the question now before the court, is as follows:

"If after final judgment in any civil * * * case the judge who presided at the hearing and trial of said cause or any part thereof or in any of the proceedings therein * * * be out of office and absent from the state or unable to settle the case, the successor of said judge shall settle and sign and certify the case-made in said cause or such part thereof as was presided over by such * * * absent judge and make all other necessary orders therein to enable the party to perfect the record for the appellate court."

We have already determined that it is necessary, to enable this court to review the proceedings occurring at the trial of the cause, to present by case-made the order overruling the motion for new trial, and by reason of his being out of office when this order was made, Judge Hudson could not certify to the action of the court in overruling the motion for new trial. He was therefore "unable" within the language of this section to settle the case-made, and the

language of this section clearly empowers his successor in office to settle, sign, and certify the case-made as to the parts thereof presided over by Judge Hudson, and we are therefore of the opinion that the case-made settled and signed by Judge Hudson brings nothing before this court for review, and that under the condition in this case Judge Yager could have and should have settled, signed, and certified to the case-made in order to properly authenticate the record that this court may review the same. For the reasons herein stated, the appeal is dismissed.